LUZE, et al., Appellants, v. BRUENING et al., Respondents.

(176 N. W. 41.)

(File No. 4556.   Opinion filed January 30, 1920.)

1.   Schools—School Districts—Removal of School House to District Center, Majority Vote Required—Statute Construed—Removal To, From, District Center, Distinguished Re Vote—Statute—Judicial Litigation Discountenanced.

Under Laws 1917, Ch. 221, authorizing a school board to direct removal of a school house to a more convenient location, upon affirmative vote of majority of electors of entire district, or upon affirmative votes of two-thirds of the district electors voting upon the proposition, with a proviso that in districts containing but one school house a two-thirds affirmative vote of electors of entire district shall be necessary to remove the school house from the center to any other point in the district, "except such removal shall be to the center of the district, in which case a majority vote shall be sufficient for such removal," there being but one school house in the district, which it was sought to have removed to the geographical center thereof, a majority of the votes cast for or against being in favor of such removal, several votes not indicative of any choice being disregarded, held, that by the express language of said statute the legislative intent to create and establish a different rule as to

character of the majority vote necessary, where the district contained but one school house, is plain; that it is equally plain that the act made it easier to remove the school house to than from the center of the district, this being matter of public policy within exclusive province of Legislature; that the proviso requires two-thirds affirmative vote of all electors of the district to remove one from center of district, it being equally plain that removal to the center may be by "majority vote." In construing said proviso the court is not at liberty to read into it language the Legislature did not see fit to place therein—and thus to maintain the adverse contention that an affirmative vote of majority of electors of the district was necessary to such removal. Judicial legislation discountenanced.

2. Statutes—Construction, Rule Re Legislative Intent—Language Plain, Interpretation Inapplicable.

The fundamental rule in construing statutes is to ascertain and give effect to legislative intent; which intent however must be that expressed in the statute; and where the meaning is plain, it must be given effect by courts; and where the language admits of but one meaning, interpretation is inappropriate.

3. Schools—Removal of School House, Election For—General Provision for Majority Vote of District, Proviso Re Removal to District Center on "Majority Vote," Exception Re Proviso, Construed.

Where, in a proviso to a section of the school law (Laws 1917, Ch. 221), removal of the one schoolhouse in a school district from the center thereof to another point therein may be had by a "two-thirds affirmative vote of the electors of the entire district," followed by the provision "except such removal shall be to the center of the district in which case a majority vote shall be sufficient for such removal," held, the legislative intent that removal to the center may be had upon a majority vote is plain; such proviso making an exception as to school districts having but one school house; if there be conflict between the preceding general provision of said section and the particular provision of the proviso, the proviso must prevail, because it is "particular" or "exceptional" and tht other "general," in which relation the particular intent must prevail; that a proviso is something engrafted on a preceding enactment, to be used for purpose of taking exceptional cases out of the general clause, or to guard against misinterpretation.

4. Elections—"Majority Vote," Applied to Those Voting—Rule.

It seems to be generally held that the phrase "majority vote" in statutes providing for elections, means a majority of those voting upon the proposition submitted,—that the votes

of electors who attended or might have attended the election but who did not vote, should not be counted or considered in determining whether the proposition had been carried by a majority vote.

5. **Elections—Election Notice—Finding of "Due Notice," Effect, Presumption Re.**

Where, in a suit to determine the result of an election for removal of a schoolhouse to center of school district, trial court found, that "due notice thereof having been given according to law," the finding was sufficient to sustain the judgment, it being presumed therefrom that the notice contained every necessary statutory essential to make the notice legal.

6. **Damages—Vacated Temporary Injunction, Assessment of Damages Re—Statute—Motion to Assess Pending Appeal, Determination of After Remanded.**

Where a temporary injunction has been in force and thereafter vacated, the damages, if any, caused thereby, may be assessed in summary manner by court or referee, (Sec. 2427, Rev. Code 1919), and where a motion to assess damages was pending when appeal was perfected, such damages, and the measure thereof, may be tried and determined on hearing of motion, or a like motion after remanding of record.

Appeal from Circuit Court, Brookings County. Hon. WILLIAM N. SKINNER, Judge.

Action by Louie Lutz and others against Fred Bruening and another, to enjoin certain school officers from removing a school house. From a judgment for defendants dismissing the action, and for costs, plaintiffs appeal. Affirmed.

*Olaf Eidem,* for Appellants.

*Hall & Purdy,* for Respondents.

(4) To point four, Appellants cited: State v. Blaisdell (N. D.), 119 N. W. 360; Briggs v. Ghrist (S. D.), 134 N. W. 321.

Respondents cited: Cass Co. v. Johnson, 95 U. S. 360, 24 La. Ed. 416; Carroll Co. v. Smith, 111 U. S. 563, 28 La. Ed. 517; 15 Cyc. 388, and cases in note 35; State v. Langlie, 5 N. D. 594, 67 N. W. 598, 32 L. R. A. 723; State ex rel. Davis v. Fabrick (N. D.), 121 N. W. 65; State v. Blaisdell, 18 N. D. 31, 110 N. W. 360; Spangler v. Mitchell, 35 S. D. 335, 351; Laws 1907, Ch. 135, Sec. 119.

McCOY, P. J. This action was instituted by certain electors and taxpayers of school district No. 34, Alton township, Brookings county, to enjoin and restrain the school officers

from removing a schoolhouse. Findings and judgment were in favor of defendants dismissing plaintiffs' cause of action on the merits, and assessing and adjudging that plaintiffs pay damages and costs, from which judgment plaintiffs appeal on the ground that said judgment is not sustained by the findings.

At an annual township school election the question of the removal of said schoolhouse was submitted to a vote under the provisions of chapter 221, Laws of 1917, providing among other things as follows:

"The school board shall have power to direct the removal of a schoolhouse to a more convenient location, upon the affirmative vote of a majority of the electors of the entire district, or upon the affirmative vote of two-thirds of the electors of such district voting upon the proposition at any regular election, or special election called for that purpose, providing notice that the proposition for such removal of a schoolhouse is to be voted upon, shall have been given with the notice of such election.

"Provided, that in districts in which there shall be but one schoolhouse a two-thirds affirmative vote of the electors of the entire district shall be necessary to remove such schoolhouse from the center of the district to any other point in the district, except such removal shall be to the center of the district, in which case a majority vote shall be sufficient for such removal."

It appears from the findings that there was but one schoolhouse in said district; that by said election it was sought to remove said schoolhouse from a point without to the geographical center of the district; that due notice of such annual election was given according to law; that at such election all the qualified electors of said district were present, being 42 in number, and 42 ballots were cast, 20 in favor of such removal, 17 against, and 5 which did not indicate any choice for or against removal. It is the contention of appellants that an affirmative vote of a majority of all the electors of the entire district was necessary under the provisions of said chapter 221 to authorize the said removal of said schoolhouse; that a majority of those voting upon the question of removal was not sufficient; that that portion of the proviso in relation to removing a schoolhouse to the center of the district should be con-

strued and given effect as though it read "a majority vote of all the electors of the entire district"; that, as the Legislature in the previous portions of the enactment provided for a vote of all the electors of the district, it must have also intended, where a vote was had to remove o schoolhouse to the center of a district, a majority vote of all the electors was also meant as a necessary requirement to authorize such removal.

[1, 2]   We are clearly of the opinion that the Legislature by the plain express language of this act intended to create and establish a different rule in relation to school districts having but one schoolhouse; that also by plain express language the Legislature made it easier to remove a schoolhouse *to* than *from* the center of a district. This was a matter of public policy, clearly within the exclusive province of the Legislature, the wisdom whereof being something with which this court cannot legitimately be concerned. By clear and plain English this proviso requires a two-thirds affirmative vote of all the electors of the district to remove a schoolhouse *from* the center of the district. By just as clear and plain English the Legislature by this proviso provided that a schoolhouse might be removed *to* the center of the district by a "majority vote." This proviso in relation to districts having but one schoolhouse is complete, clear, and explicit in its language and intent. In construing this section of statute law, and the said provision thereto, this court is not lawfully at liberty to read into the proviso language that the Legislature did not see fit to place therein. Neither can this court lawfully nullify and set aside the language that the Legislature has expressly placed therein.

"The great fundamental rule in construing statutes is to ascend and give effect to the intention of the Legislature   This intention, however, must be the intention as expressed in the statute, and where the meaning of the language is plain, it must be given effect by the courts, or they would be assuming legislative authority." 36 Cyc. 1106.

"When language is not only plain but admits of but one meaning, the task of interpretation may hardly be said to arise. It is not allowable to interpret what has no need of interpreation. Such language best declares, without more, the intention of the Legislature, and is decisive of it. The Legislature must

be intended to mean what it has plainly expressed, and consequently there is no room for interpretation." Maxwell on Interpretation of Statutes, p. 5.

[3] In the proviso of the statute in question the Legislature has plainly said that, when an election is held to remove a schoolhouse *to* the center of a district, "a majority vote shall be sufficient for such removal." The Legislature must be presumed to have meant what it plainly said. There is no room for construction. This language of the proviso construes itself; it expressly carries its own construction on its face. This proviso simply and clearly makes an exception as to school districts having but one schoolhouse. If there is a conflict between the preceding general provisions of this section of statute and and the particular provisions of the proviso in relation to removal of the schoolhouse to the center in districts with but one schoolhouse, the provisions of the proviso must prevail, because it is "particular" or "special," and the other "general."

"Where a general intent and a particular intent are expressed in the same statute, the latter must prevail; thus, where a statute expresses first a general intent, and afterwards an inconsistent particular intent, the latter will be taken as an exception from the former and both will stand." Sutherland on Statutory Construction, §§ 153, 159.

"A proviso is something engrafted upon a preceding enactment, and is legitimately used for the purpose of taking exceptional cases out of a general class, or to guard against misinterpretation. The general intent will be controlled by the particular intent subsequently expressed." Sutherland on Statutory Construction, §§ 216, 222, 231.

[4] Under these general rules for the construction of statutes just cited, and from the express language used by the Legislature, it would naturally seem to be perfectly clear that the proviso here under consideration was used for the plainly expressed purpose of taking the specific case of districts having but one schoolhouse out of the general class of school districts comprehended and included in the preceding general enacting clause of this section of the statute. We are therefore of the view that it clearly appears from the language of the statute that a majority vote was all that was necessary, and was suffi-

cient under the proviso to authorize the removal of this schoolhouse to the center of the district, in this district having but one schoolhouse. It seems to be generally held that the phrase "majority vote" means a majority of those voting upon the proposition submitted; that the votes of those electors who attended the election, and who might have voted, but who did not vote, upon the provision, should not be counted or considered in determining whether such proposition had been carried by a majority vote. This precise question was determined by this court in Krakowski v. Waskey, 33 S. D. 335, 145 N. W. 566. In that case it was clearly held that only those votes cast for or against the proposition submitted should be considered. Applying the rule of that case to the facts of this, we are of the opinion that the election to remove the schoolhouse in question was regular, and the vote sufficient to authorize such removal.

[5] There is some contention as to the insufficiency of the notice of election. The findings contain the following in relation to the notice of this election: "Due notice thereof having been given according to law." We are of the view that this was sufficient to sustain the judgment, as it will be presumed therefrom that the notice contained every necessary statutory essential to make said notice of election legal.

[6] The question of damages, and the assessment thereof, is argued to some extent in the respective briefs. When a temporary injunction has been in force, and thereafter vacated, the damages, if any, caused by such injunction, may be assessed in a summary manner by the court or by a referee, as the court shall direct. Section 2427, Rev. Code 1919; Edmison v. Sioux Falls Water Co., 10 S. D. 440, 73 N. W. 910; Kelley v. Mead, 18 S. D. 594, 101 N. W. 882. Motion to assess damages before the court, under the judgment in this case, was made, but not disposed of, prior to this appeal. Whether or not defendants had sustained damages, by reason of said injunction, and what would be a proper subject or measure of damage, can be tried out and determined on the hearing of said motion, or a like motion after the remanding of the record. The question of whether defendants sustained damage is not before this court under the record.

The judgment appealed from is affirmed.