STATE of South Dakota, Plaintiff
and Appellee,

v.

Roger George FLITTIE, Defendant
and Appellant.

No. 13839.

Supreme Court of South Dakota.

Considered on Briefs Jan. 21, 1983.

Decided Sept. 21, 1983.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

David R. Gienapp, Madison, for defendant and appellant.

PER CURIAM.

This is an appeal from an amended judgment of conviction and sentence ordered by this court in *State v. Flittie,* 318 N.W.2d 346 (S.D.1982). We affirm.

Roger George Flittie was charged with murder and conspiracy to commit murder on February 16, 1978. After a jury acquitted him of murder and convicted him of conspiracy, he was sentenced to a five-year penitentiary term beginning April 29, 1978.

On September 21, 1978, Flittie was charged with first-degree burglary and accessory after the fact to murder. He was convicted on both charges and sentenced to five and twenty-five year terms. Each term was to be served consecutively to the other and to the term imposed for the conspiracy conviction.

In *State v. Flittie, supra,* we concluded that the charge of burglary against Flittie was barred by his earlier acquittal on the murder charge. We also concluded that the trial court had no power to order that Flittie's sentence on the accessory conviction run consecutively to his sentence on the conspiracy conviction.* We remanded for resentencing on the accessory charge. The trial court then sentenced Flittie to a five-year term beginning May 22, 1980, the date he was originally sentenced on that charge.

Flittie advances two arguments in support of his contention that the sentence on the accessory charge should be dated back to September 21, 1978, the date he was charged. First, he argues that he did not go to trial until May 22, 1980, because the trial court delayed deciding his pretrial motions on constitutional issues. Citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); and *King v. Wyrick,* 516 F.2d 321 (8th Cir.1975), Flittie argues that he is entitled to credit for the period of delay. His reliance on those cases is misplaced, however, for in *Pearce,* the United States Supreme Court held that punishment already exacted must be credited when imposing sentence upon a new conviction for the *same* offense. In *King,* the Eighth Circuit held that the equal protection clause requires that credit must be given for time spent in jail before sentencing for failure to meet bail due to indigency. Neither case can be read to require credit for time served on a separate criminal charge. *See generally,* A. Campbell, Law of Sentencing § 60, at 198 (1978).

Second, Flittie argues that the trial court in effect sentenced him to a consecutive sentence by ordering that the sentence for the accessory charge begin on May 22, 1980. We disagree. Flittie was serving a sentence in the penitentiary at the time of his trial and conviction on the accessory charge. The sentence on the accessory charge properly commenced on the date of sentencing and ran concurrently with the original sentence Flittie was serving. *State v. Shull,* 331 N.W.2d 284 (S.D.1983).

The amended judgment is affirmed.

---

* We note that as amended by 1983 S.D.Sess. Laws, Chapter 175, SDCL 22–6–6.1 apparently authorizes the imposition of sentences consecutive to those being served on earlier convictions.