**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Edward D. KARP, Defendant and Appellant.**

No. 18732.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1995.

Decided Feb. 15, 1995.

Mark Barnett, Atty. Gen., Gary Campbell, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

David J. Huss, Office of Public Defender for Pennington County, Rapid City, for defendant and appellant.

PER CURIAM.

Edward D. Karp ("Karp") appeals the consecutive sentence imposed upon him following his plea of guilty to felony driving under the influence ("DUI"). We affirm.

FACTS

Karp was arrested for driving while under the influence of alcohol on December 30, 1993. At the time of this arrest, he was on probation pursuant to his 1992 DUI conviction. In that case, Karp's 4-year prison sentence was suspended and he was placed on four years' probation on the condition that, among other things, he obey all laws and not drink alcoholic beverages.

A three-count information was filed on February 18, 1994, together with a Part II information. Karp pleaded guilty to third offense (felony) DUI in exchange for the State's agreement to dismiss the balance of the pending charges and to recommend concurrent sentencing. He also admitted that he was the same Edward Karp who had been convicted of two prior DUI offenses. He was then sentenced to two years in the State Penitentiary "as augmented by SDCL 23A–27–36." He appeals.

ISSUES

I. WAS KARP A "PRISONER" AS DEFINED BY SDCL 23A–27–36 AT THE TIME OF HIS OFFENSE?

■ Karp contends he was not a "prisoner" as defined by SDCL 23A–27–36 and that, even if he was, the sentencing court did not use sufficiently specific language to impose a consecutive sentence. His appeal is based upon the interpretation of SDCL 23A–27–36. Matters of statutory construction present questions of law which are reviewed *de novo*. *Sioux Falls School Dist. v. South Dakota Subsequent Injury Fund*, 504 N.W.2d 107, 108 (S.D.1993).

■ The statute in question, SDCL 23A–27–36, states as follows:

If any prisoner commits a crime, upon conviction, the sentence of the prisoner shall not commence to run until the expiration of the last sentence of his imprisonment. The term "prisoner" as used in this section includes every person in custody, under arrest, or under process of law issued from a court of competent jurisdiction.

The essence of the question before us is whether a person on probation is a "prisoner" as defined by this statute. A person is a "prisoner" for purposes of SDCL 23A–27–36 if such person is 1) in custody, or 2) under arrest, or 3) under process of law at the time the second crime is committed.

Initially, Karp contends the "in custody" element of "prisoner" requires persons be in the actual physical custody of law enforcement at the time of the second offense. He argues that probation is inconsistent with being in custody, since the penalty for violating the terms of probation allows the probationer to be taken into custody. *See* SDCL 23A–27–21. He also points out that probation is generally considered an alternative to incarceration, and the two are mutually exclusive. *See State v. Huftile*, 367 N.W.2d 193, 196 (S.D.1985) ("Probation and incarceration are therefore mutually exclusive."); *State v. Marshall*, 247 N.W.2d 484, 487 (S.D. 1976) ("Probation by its very nature implies an absence of incarceration.").

However, the term "in custody" commonly refers to a situation where a person is restrained of his or her liberty and not free to come and go at will. *See State v. Corder*, 460 N.W.2d 733, 736 (S.D.1990). Karp's freedom of movement was restrained because he was not free to come and go as he pleased while on probation, and he remained subject to the continuing jurisdiction of the court. *See State v. Kiggins*, 86 S.D. 612, 200 N.W.2d 243

(1972) (failure of county jail inmate to return from work release constitutes escape as he remained in actual lawful custody which had not been terminated or discharged). Further, as State points out, the similarity between a probationer and a parolee also supports this conclusion, as a parolee remains in the legal custody of the state until expiration of the term of parole. SDCL 24–15–1.1. *See Turo v. Solem,* 427 N.W.2d 843 (S.D.1988) (statutes regarding suspended sentence and parole stand together). On this basis, we conclude that Karp was in legal custody at the time he committed the last offense.

Karp also contends the provision of SDCL 23A–27–36 defining prisoner to include one who is "under arrest" does not apply to him. He does not challenge the fact that he had previously been placed under arrest for second offense DUI at the time he committed the third offense DUI, had pleaded guilty and had not yet been discharged on the second offense DUI. As with the term "in custody," "under arrest" refers to a situation where a person is restrained of his or her liberty and not free to come and go at will. *See Corder,* 460 N.W.2d 733; *State v. Jenner,* 451 N.W.2d 710 (S.D.1990); *State v. Hackney,* 261 N.W.2d 419 (S.D.1978).

Karp argues that the statutory definition of "arrest" requires an actual (or attempted) physical restraint of a person and taking into custody.[1] Admittedly, when Karp committed the third offense DUI and was arrested for that violation, he did not subsequently commit any new offenses. Whether he was a "prisoner" according to SDCL 23A–27–36 because he was "under arrest" is not dispositive of this case, and thus we give no opinion as to whether the facts in this case meet the "under arrest" definition of prisoner here.

Karp reasons that, since he was not a "prisoner" under the first two elements of the definition, the trial court must have determined that he was "under process of law."

He argues that since the legislature did not define the phrase "under process of law" the Court should interpret the phrase based upon dictionary definitions. He contends these definitions mean there must have been pending a writ, warrant or summons at the time of the offense for Karp to have been "under process of law."

Karp concedes that at the time of his arrest he remained subject to the pending June 30, 1992 judgment suspending his 4-year penitentiary sentence and placing him on probation. Since the judgment constituted a final, appealable judgment, Karp argues that it could not also subject him to the process of law. Karp concedes, however, that Black's Law Dictionary defines process to include "any means by which a court exercises jurisdiction over a person." There can be no question but that Karp was subject to the continuing jurisdiction of the court while on probation. As a result, by definition, Karp was "under process of law" at the time he committed the third offense DUI. Accordingly, he was a "prisoner" as defined by SDCL 23A–27–36 and subject to the mandatory consecutive prison sentence imposed by the statute.

## II. IS THE LANGUAGE "AS AUGMENTED BY SDCL 23A–27–36" SUFFICIENT TO IMPOSE A CONSECUTIVE SENTENCE?

■ Karp also challenges his consecutive sentence on the basis that the phrase "as augmented by SDCL 23A–27–36" lacks the definiteness necessary to impose a consecutive, rather than concurrent, sentence. He candidly admits the sentencing court has broad discretion in meting out penalties, which includes the power to impose a subsequent sentence to run either concurrently or consecutively to a prior sentence. *See* SDCL 22–6–6.1.[2] However, he contends that his

1. Karp cites the following definitions of "arrest:"

   SDCL 23A–3–1. Definition of arrest. An arrest is the taking of a person into custody so that he may be held to answer for the alleged commission of a public offense.
   SDCL 23A–3–5. Manner of making arrest, etc. An arrest is made by an actual or attempted restraint of the person arrested or by

his submission to the custody of the person making the arrest....

2. This statute reads:
   If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the judgment or sentence was entered, the judgment or sentence may be that the imprisonment on the subse-

sentence was not sufficiently clear to advise him that it was consecutive and, as a result, should be considered concurrent.

 Karp's argument rings hollow. A review of the sentencing transcript leaves little doubt that the sentence announced by court was to run consecutive to the prior sentence. The oral sentence pronounced by the court is controlling and resort to the written sentence is made only when the oral sentence is ambiguous. *State v. Salway,* 487 N.W.2d 621 (S.D.1992). Karp would have this Court disregard the pointed discussions between counsel and the Court on the record. Judge Grosshans stated that he interpreted SDCL 23A–27–36 to require a consecutive sentence and intended to impose a consecutive sentence. Both the Deputy State's Attorney and the Deputy Public Defender disagreed with the court's interpretation, and Karp's attorney argued that he was entitled to a concurrent sentence, not a consecutive one.

Karp's argument focuses on Judge Grosshans' comment, following pronouncement of sentence: "The word, augmented, is in between concurrent and consecutive, I don't know." While this one comment by itself may seem to create some uncertainty, when read in the light of the entire sentencing transcript it is clear that Judge Grosshans' use of the phrase "as augmented by SDCL 23A–27–36" was included for the precise purpose of noting the sentence was to be consecutive, or to be increased. There was no confusion about this on the record. Admittedly, the written Judgment and Sentence does not contain either the word "consecutive" or "concurrent," and the better practice would have been for the judge to have used the word "consecutive" rather than "augmented." However, based upon the analysis here which concludes that Karp was a prisoner and thus subject to this statute, and the oral pronouncement of the sentence including the specific reference to SDCL 23A–27–36, the sentencing court's language is sufficient to impose the consecutive sentence.

Affirmed.

quent conviction may run concurrently with the imprisonment on any prior conviction or the imprisonment for the subsequent offense

MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., participating.

may commence at the expiration of the imprisonment upon any other offense.