1996 SD 57

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Joseph Scott ARGUELLO, Defendant and Appellant.**

**No. 19086.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided May 22, 1996.

Mark Barnett, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, Pierre, for plaintiff and appellee.

David J. Huss, Office of Public Defender, Rapid City, for defendant and appellant.

PER CURIAM.

[¶ 1] Joseph Scott Arguello (Arguello) appeals from an order revoking a previous order suspending imposition of sentence, imposing a judgment of guilt for his conviction of third degree burglary, and, sentencing him to a two year sentence "consecutive [to] the sentence previously imposed upon JOSEPH SCOTT ARGUELLO for the conviction of the offense of FIRST DEGREE ROBBERY entered in Court File No. 95–105[.]" We reverse and remand.

FACTS

[¶ 2] Arguello was charged with the third degree burglary of a car which occurred on March 10, 1993. He entered a guilty plea on October 4, 1993. On October 25, 1993, the court filed an order withholding entry of judgment of guilt, suspending imposition of sentence and placing Arguello on probation for two years.

[¶ 3] Arguello was charged with a first degree robbery which occurred April 13, 1994. He pled guilty on November 30, 1994. On December 13, 1994, Judge Tice sentenced Arguello to fifteen years imprisonment with seven years suspended.

[¶ 4] Later in the day of December 13, 1994, Arguello appeared before Judge Fitzgerald and admitted that he violated the conditions of his suspended sentence and parole for the third degree burglary. Judge Fitzgerald sentenced Arguello to two years imprisonment to run consecutive to the fifteen year sentence for first degree robbery that Judge Tice had sentenced Arguello to earlier that day.

## ISSUE

[¶ 5] **Did Judge Fitzgerald have the authority to impose a consecutive sentence?**

## DECISION

[¶ 6] Prior to July 1, 1983, SDCL 22–6–6.1 read:

If a defendant has been convicted of two or more offenses before judgment on either, the judgment may be that the imprisonment on either one may commence at the expiration of the imprisonment upon any other of the offenses. [SL 1978 ch. 185 § 17.1.]

[¶ 7] In *State v. Flittie*, 318 N.W.2d 346, 349 (S.D.1982) this Court said that the purpose of SDCL 22–6–6.1 was to limit a court's power to impose consecutive sentences to situations described in the statute. A trial court did not have the authority to impose a sentence consecutive to one a defendant was currently serving. *State v. Shull*, 331 N.W.2d 284, 288 (S.D.1983).

[¶ 8] In 1983, SDCL 22–6–6.1 was amended. 1983 SD Sess L ch. 175. It provides:

If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the judgment or sentence was entered, the judgment or sentence may be that the imprisonment on the subsequent conviction may run concurrently with the imprisonment on any prior conviction or the imprisonment for the subsequent offense may commence at the expiration of the imprisonment upon any other offense.

[¶ 9] Arguello contends that SDCL 22–6–6.1 only authorizes consecutive sentences when a court is sentencing for a sub-

sequent offense. The state argues that SDCL 22–6–6.1 allows a sentencing court to impose a sentence consecutive to the sentence of any other conviction regardless of when the offense and conviction occurred.

[¶ 10] Matters of statutory construction present questions of law that are subject to de novo review by this Court. *State v. Karp*, 527 N.W.2d 912 (S.D.1995).

When determining legislative intent, a "statute must be construed according to its manifest intent as derived from the statute as a whole." *Meyerink v. Northwestern Public Service Co.*, 391 N.W.2d 180, 183 (S.D.1986); *see also, AGSCO Dakota*, 453 N.W.2d at 851. Words used by the legislature are *presumed* to convey their ordinary, popular meaning. *Meyerink*, 391 N.W.2d at 183–84. *See also, Matter of Estate of Pejsa*, 459 N.W.2d 243 (S.D. 1990); *Bryant v. Butte County*, 457 N.W.2d 467 (S.D.1990). "This Court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning."

*State v. Fryer*, 496 N.W.2d 54, 55 (S.D.1993).

[¶ 11] In this case, SDCL 22–6–6.1 provides a specific instance when the trial court may impose a concurrent sentence and a specific instance when a consecutive sentence may be imposed. These specific instances qualify the general phrase "If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the judgment or sentence was entered[.]" A concurrent sentence may be imposed for a "subsequent conviction." A consecutive sentence may be imposed for a "subsequent offense." [1]

---

**1.** We recognize that in a footnote in *State v. Flittie*, 338 N.W.2d 454, 455 (S.D.1983), this Court noted "that as amended by 1983 SD Sess Laws, Chapter 175, SDCL 22–6–6.1 apparently authorizes the imposition of sentences consecutive to those being served on earlier convictions." In *State v. Swallow*, 405 N.W.2d 29, 43 (S.D. 1987), the Court said "[w]e believe the statute [SDCL 22–6–6.1] is specific on its face and that it allows for consecutive sentences 'regardless of when the offenses were committed or when judgment or sentence was entered.'" Most recently this Court noted a defendant's observation re-

garding SDCL 22–6–6.1, "He candidly admits the sentencing court has broad discretion in meting out penalties, which includes the power to impose a subsequent sentence to run either concurrently or consecutively to a prior sentence. *See* SDCL 22–6–6.1." *State v. Karp*, 527 N.W.2d at 914. In making these observations concerning SDCL 22–6–6.1, the Court in each case was not presented with the issue of whether a consecutive sentence is allowable under SDCL 22–6–6.1 when the court is imposing sentence for a prior offense.

When there is inescapable conflict between general and specific terms or provisions of a statute, the specific will prevail. If conflict between provisions in the same act is resolvable no other way, the last provision in point of arrangement within the text of the act is given effect.

| | |
|---|---|
| Third degree burglary (Judge Fitzgerald) | First degree robbery (Judge Tice) |
| Offense: March 10, 1993 | April 13, 1994 |
| Conviction: October 4, 1993 | November 30, 1994 |
| Sentence: October 25, 1993 (suspended imposition of sentence) | |
| Sentence: December 13, 1994 (p.m.) (2 years consecutive to sentence imposed earlier in day on robbery) | December 13, 1994 (a.m.) (15 years; no mention of whether concurrent or consecutive) |

[¶ 13] Under SDCL 22–6–6.1, Judge Tice had the authority to give Arguello a concurrent or a consecutive sentence because he was sentencing for a subsequent conviction and a subsequent offense. In this case, however, Judge Fitzgerald did not have the authority to give a consecutive sentence since he was sentencing on a prior, not a subsequent, offense.

[¶ 14] We reverse and remand for resentencing in accordance with this opinion.

[¶ 15] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.

2A Sutherland *Statutory Construction* § 46.05 (5th Ed); *See Luze v. Bruening,* 42 S.D. 414, 176 N.W. 41 (1920); State v. Mudie, 22 S.D. 41, 115 N.W. 107 (1908).

[¶ 12] In Arguello's case, the time lines for the offenses, convictions[2], and sentencing are:

---

2. "Conviction" has two meanings. The technical legal meaning is the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of guilt. Its ordinary legal meaning is the establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty. *State v. Dassinger,* 294 N.W.2d 926 (S.D.1980). This Court has chosen to apply the ordinary legal definition of conviction when interpreting statutes, *Id.,* and we do so in this case.