1997 SD 115

STATE of South Dakota, Plaintiff and Appellee,

v.

Cary MEYERS, Defendant and Appellant.

Nos. 19811, 19812.

Supreme Court of South Dakota.

Considered on Briefs May 1, 1997.

Decided Oct. 8, 1997.

Mark Barnett, Attorney Geneal, Sherri Sundem Wald, Assistant Attorney General, Pierre, for plaintiff and appellee.

Monica D. Thomas, Office of Public Defender, Rapid City, for defendant and appellant.

PER CURIAM.

[¶ 1.] Cary Meyers appeals judgments of conviction and sentences for third degree burglary and escape. We affirm in part, reverse in part and remand.

FACTS

[¶ 2.] Meyers pled guilty to third degree burglary and was sentenced to six years in the penitentiary. Execution of his sentence was suspended on various conditions including four years of "intensive probation" and payment of $2,571.94 in restitution. As an additional condition of probation, Meyers was ordered to serve six months in the county jail with work release.

[¶ 3.] Meyers began serving his county jail sentence, but failed to return to jail from work release. He was eventually taken back into custody. State filed a petition to revoke his probation and also charged him with escape. Meyers admitted his probation violation and pled guilty to escape. He was resentenced to six years in the penitentiary for his burglary offense. This time, the trial court suspended only four years of the sen-

tence on various conditions including payment of restitution plus twelve percent interest. Meyers was also sentenced to two years in the penitentiary for escape. The burglary judgment recites that Meyers' sentence for burglary is to be served, "consecutively to File No. 96–887 for ESCAPE[.]" The escape judgment recites that Meyers' sentence for escape is to be served, "consecutive to the two (2) year penitentiary sentence ordered in H95–4573 file for [BURGLARY.]" Meyers appeals both judgments of conviction and the sentences.

### ISSUE 1

[¶4.] **Did the trial court err in ordering that Meyers' sentence for third degree burglary should be served consecutive to his sentence for escape?**

[¶5.] Citing *State v. Arguello*, 1996 SD 57, 548 N.W.2d 463, Meyers contends the trial court erred in ordering his burglary sentence to be served consecutive to his escape sentence. We agree.

[¶6.] In *Arguello*, the defendant pled guilty to third degree burglary and received a suspended imposition of sentence placing him on probation for two years. While on probation, the defendant committed a robbery and was convicted and sentenced to fifteen years in the penitentiary with seven years suspended. After sentencing for the robbery, the defendant's original probation was revoked and he received two years in the penitentiary for burglary, the two years, "to run consecutive to the fifteen year sentence for first degree robbery[.]" *Arguello*, 1996 SD 57 at ¶4, 548 N.W.2d at 463. The defendant appealed from the burglary judgment, contending the trial court had no authority to impose a consecutive sentence for burglary because of the plain language of SDCL 22–6–6.1:

> If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the judgment or sentence was entered, the judgment or sentence may be that the imprisonment on the subsequent conviction

may run concurrently with the imprisonment on any prior conviction or the imprisonment for the *subsequent offense* may commence at the expiration of the imprisonment upon *any other offense*. (emphasis added).

Focusing on the language of SDCL 22–6–6.1 emphasized above, we agreed with the defendant's argument stating:

> A consecutive sentence may be imposed for a "subsequent offense."
>
> * * *
>
> Under SDCL 22–6–6.1, Judge Tice had the authority to give Arguello a concurrent or a consecutive sentence because he was sentencing for a subsequent conviction and a *subsequent offense* [i.e., the robbery]. In this case, however [i.e., the original burglary], Judge Fitzgerald did not have the authority to give a consecutive sentence since he was sentencing on a *prior, not a subsequent, offense.*

*Arguello*, 1996 SD 57 at ¶¶11–13, 548 N.W.2d at 464–65 (emphasis added)(footnote omitted). We concluded our analysis in *Arguello* by reversing and remanding the burglary judgment for resentencing.

[¶7.] Here, Meyers' "prior offense" was third degree burglary and his "subsequent offense" was escape. Therefore, under *Arguello*, the burglary sentence could only be served *prior* to the escape sentence and the trial court had no authority to direct that the burglary sentence should be served consecutive to the escape sentence. The burglary judgment is remanded for deletion of the language ordering consecutive service of the burglary sentence and clarification that the burglary sentence must be served *prior* to the escape sentence. *See Arguello, supra.*[1]

### ISSUE 2

[¶8.] **Did the trial court err in ordering that Meyers' two year sentence for escape should be served consecutive to his sentence for the original burglary offense?**

---

1. The "second amended judgment" entered relative to the burglary conviction erroneously recites that the sentence is for a conviction of grand theft. Thus, the burglary judgment must also be remanded and corrected to reflect Meyers' sentence is for third degree burglary rather than grand theft.

[¶ 9.] Meyers' contends the trial court erred in ordering his escape sentence to be served consecutive to his burglary sentence. He bases his argument on SDCL 23A–27–36:

If any prisoner commits a crime, upon conviction, the sentence of the prisoner shall not commence to run *until the expiration of the last sentence of his imprisonment.* The term "prisoner" as used in this section includes every person in custody, under arrest, or under process of law issued from a court of competent jurisdiction. (emphasis added).

[¶ 10.] Meyers contends his "last sentence of imprisonment" at the time of his escape was the four years of probation he originally received for burglary. He argues that sentence "expired" when his probation was revoked and, therefore, his escape sentence should have commenced running on the date of his probation revocation. For that reason, he asserts the order directing consecutive service of the escape sentence is invalid.[2] We disagree.

■ [¶ 11.] At the outset, we observe that consecutive service of Meyers' escape sentence was not only required by SDCL 23A–27–36, but also SDCL 22–11A–2: "Any prisoner who escapes is guilty of a Class 4 felony. If such prisoner is under sentence of imprisonment, his sentence on conviction for an escape shall commence following the expiration of the term of the last sentence of his imprisonment." In *State v. Karp,* 527 N.W.2d 912 (S.D.1995), we held that probationers are "prisoner[s]" subject to the mandatory consecutive sentence required by SDCL 23A–27–36. We see no reason to depart from this conclusion in applying SDCL 22–11A–2. Under either statute, the sentence for an escape committed by a probationer cannot commence running until expiration of the "last" sentence of the probationer's "imprisonment." Meyers' last sentence of imprisonment for burglary, the

crime that made him a probationer, is six years in the penitentiary with four years suspended. Thus, under SDCL 23A–27–36 or SDCL 22–11A–2, the earliest the trial court could order Meyers' escape sentence to begin running was with expiration of Meyers' two years of actual imprisonment for burglary. The trial court committed no error in this regard.[3]

### ISSUE 3

[¶ 12.] **Did the trial court unlawfully increase Meyers' sentence by requiring him to pay interest on the restitution for his burglary conviction?**

[¶ 13.] The trial court originally sentenced Meyers to six years in the penitentiary for burglary. It suspended execution of that sentence and placed him on probation on various conditions including his payment of restitution. When Meyers' probation was revoked, the trial court resentenced him to six years in the penitentiary and suspended execution of four years on various conditions including payment of "restitution with the balance of restitution earning an interest rate of 12%." Meyers points out there was no provision for interest on restitution among the original conditions of his probation and, therefore, the interest provision in the new conditions unlawfully increases the severity of his sentence. We disagree.

■ [¶ 14.] "It is a well-established rule that a sentencing court cannot increase a valid sentence after the defendant has commenced serving the sentence." *State v. Sieler,* 1996 SD 114, ¶ 10, 554 N.W.2d 477, 480; *State v. Ford,* 328 N.W.2d 263, 267 (S.D. 1982); *State v. Hughes,* 62 S.D. 579, 584, 255 N.W. 800, 802 (1934). However, this rule was not rendered in the context of resentencing after a revocation of probation. *See id.* In that context, we have held that, "[w]here . . . the imposition of sentence [is] deferred, sentence will be imposed on the revocation.

---

2. Acceptance of this argument would effectively result in concurrent service of the escape sentence with whatever prison time Meyers ultimately serves as a result of his burglary sentence.

3. As with the second amended judgment mentioned in footnote 1, *infra,* the judgment entered on the escape conviction erroneously refers to a

judgment having been entered against Meyers for grand theft. As with the remand of the burglary judgment, the escape judgment is also remanded for entry of a corrected judgment referring to Meyers' conviction for third degree burglary rather than grand theft.

The court may impose *any sentence* which it could have *originally* imposed[.]" *State v. Burkman,* 281 N.W.2d 442, 444 (S.D.1979) (emphasis original) (citations omitted). *Accord State v. Murphy,* 506 N.W.2d 130, 132 (S.D.1993). While *Burkman, supra* does not discuss the sentencing alternatives available after revocation of a probationary period resulting from a suspended *execution* of sentence, it cites *Douglas v. Sigler,* 386 F.2d 684 (8th Cir.1967). *Douglas,* 386 F.2d at 687, provides in pertinent part:

> This privilege of probation has no constitutional basis, but rests upon legislative grace that operates as a conditional grant only subject to revocation and *imposition of any sentence commensurate with the original sentence,* or if no sentence were initially imposed with any sentence that might originally have been imposed. (emphasis added).

[¶ 15.] The Eighth Circuit has further defined the limits of a sentence that may be imposed after a revocation of probation as follows:

> If the district court finds that the defendant's probation should be revoked, it then must choose from among the alternatives found in the statute. *If a sentence had been previously imposed, but suspended, the court may impose that same sentence or any lesser one.* If no sentence had been imposed at the original hearing (defendant placed on probation with imposition of sentence suspended), then upon revocation of probation the court "may impose any sentence which might originally have been imposed." *Under either situation (suspension of execution or suspension of imposition) the alternatives open to the court include the imposition of another term of probation.* With one exception not relevant here,[4] the sentencing alternatives available upon probation revocation are the same as those that were available upon initial sentencing.

*United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981) (emphasis added) (citations and footnote omitted) (footnote added).

[¶ 16.] Here, after revoking Meyers' probation, the trial court imposed the same sentence it had previously imposed, *i.e.,* six years in the penitentiary. It also followed what the Eighth Circuit envisioned in *Colvin* by suspending the execution of part of that sentence and imposing another term of probation. Nothing in *Colvin* limits the conditions of a new term of probation to the same conditions as those previously imposed. In *U.S. v. Holland,* 874 F.2d 1470, 1474–75 (11th Cir.1989), the U.S. Court of Appeals for the Eleventh Circuit indicated there is no such limitation. Holland was convicted for violations of the Clean Water Act and received probation. His probation was subsequently revoked and he was resentenced to a new probationary period that included a special condition not previously imposed. In reviewing the propriety of the new condition, the Eleventh Circuit held:

> When resentencing a defendant after probation has been revoked, the district court may impose any sentence which might originally have been imposed. This includes the alternative of imposing another term of probation. *It is logical to conclude that the district court has the same broad power to fashion appropriate conditions of probation at resentencing as it has under 18 U.S.C.A. § 3651, which authorizes setting conditions for the initial probation.* As long as the conditions imposed bear a "reasonable relationship" to the rehabilitation of the probationer and the protection of the public, they should not be held to constitute an abuse of discretion. (emphasis added).

*Holland,* 874 F.2d at 1474–1475 (citations omitted).

[¶ 17.] The North Dakota Supreme Court reached a similar conclusion in *State v. Miller,* 418 N.W.2d 614 (N.D.1988). In *Miller,* the defendant was placed on probation under a suspended execution of sentence and his probation was subsequently revoked. On resentencing, the trial court again suspended the execution of the defendant's sentence on the new condition that he complete drug and

---

4. "When the defendant initially received a sentence the execution of which was suspended, the sentence imposed on revocation of probation may not be greater than the originally announced sentence." *Colvin,* 644 F.2d at 705 n. 2.

alcohol treatment. The defendant did not complete the treatment and was sentenced to the penitentiary. In upholding the resentencing of the defendant, the North Dakota court relied on the following principles regarding the resentencing of defendants after probation violations:

> [I]mprisonment should not be the automatic response to the violation of a condition, but ... other recourse should be considered. Continuation [of] the existing sentence with a warning might be appropriate if the violation were only minor; a warning *accompanied by an enlargement of conditions might be appropriate* if the violation were more serious. Imprisonment nevertheless remains in the background as the ultimate sanction in cases where it is deemed appropriate.

*Miller*, 418 N.W.2d at 616 (emphasis added)(quoting *Working Papers of the National Commission on Reform of Federal Criminal Laws*, Vol. II, p. 1309 (1970)).

[¶ 18.] It follows from the above authorities that there was no unlawful increase in Meyers' sentence in the condition of probation requiring his payment of twelve percent interest on his restitution debt. Rather, the provision was simply a condition or a modified condition[5] of the new period of probation imposed after the revocation of Meyers' original probationary period.

[¶ 19.] Based upon the foregoing, the consecutive sentencing provision in Meyers' sentence for third degree burglary is reversed. *See Arguello, supra.* The burglary judgment is also remanded for correction of its erroneous reference to Meyers' conviction for grand theft rather than third degree burglary. While Meyers' judgment of conviction and consecutive sentence for escape are affirmed, the escape judgment must also be remanded for correction of its erroneous cross-reference to Meyers' conviction for grand theft rather than third-degree burglary.

[¶ 20.] Affirmed in part, reversed in part and remanded.

[¶ 21.] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.

5. SDCL 23A–27–20.1 specifically allows modification of the terms and conditions of probation.