#25876-rev & rem-GAS

**2011 S.D. 88**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,            Plaintiff and Appellee,

     v.

RICHARD LITSCHEWSKI,            Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
WALWORTH COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JACK R. VON WALD
Judge

* * * *

MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General
Pierre, South Dakota            Attorneys for plaintiff
           and appellee.


DAVID M. HOSMER
Yankton, South Dakota            Attorney for defendant
           and appellant.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 22, 2011

OPINION FILED **12/21/11**

#25876

SEVERSON, Justice

[¶1.]     Richard Litschewski appeals the circuit court's denial of his motion to vacate or modify an illegal sentence. He argues that his sentence was illegal because the circuit court imposed consecutive sentences in an order that was inconsistent with the chronological order in which his crimes occurred. We reverse the circuit court's denial of Litschewski's motion to modify an illegal sentence and remand for further proceedings.

### Facts and Procedural Background

[¶2.]     In 1997, a jury convicted Litschewski of three separate offenses. On Count II, he was convicted of third-degree rape, based on an incident that occurred in 1989. On Count I, he was convicted of first-degree rape, based on an incident that occurred in 1991. And on Count III, he was convicted of sexual contact with a child, based on events that occurred in 1996. The circuit court imposed a 7 1/2-year sentence for Count I, a 12 1/2-year sentence for Count II, and a 7 1/2-year sentence for Count III. The sentence for Count II was to run consecutive to the sentence for Count I. The sentence for Count III was to run consecutive to Counts I and II. Litschewski appealed to this Court, which affirmed his conviction. In June 2010, he filed a motion to vacate or modify an illegal sentence, arguing that the circuit court lacked the authority to order his sentence for Count II to run consecutive to Count I because Count II occurred first in time. The circuit court denied the motion. Litschewski appeals.

## Analysis and Decision

*Timeliness of Appeal*

[¶3.]        The circuit court's denial of Litschewski's motion to vacate or modify an illegal sentence was entitled a "Judgment" and was filed on September 28, 2010. Litschewski did not file his notice of appeal until January 13, 2011. Thus, the State argues that Litschewski has failed to comply with the thirty-day notice of appeal requirement found in SDCL 23A-32-15. The statute provides in part:

> [A]ny appeal other than from a judgment must be taken within thirty days after written notice of the filing of the order shall have been given to the party appealing. An appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed.

SDCL 23A-32-15.

[¶4.]        Litschewski agrees that SDCL 23A-32-15 provides the statutory authority for this Court's exercise of jurisdiction, but argues that the circuit court's entitlement of its decision as a "Judgment" was erroneous. Litschewski argues that, under South Dakota law, the circuit court's decision was actually an order. Therefore, the thirty-day time limit set forth under SDCL 23A-32-15 did not begin to run until Litschewski received written notice of the filing of the order. Because he did not receive written notice until January 5, 2011, Litschewski argues his appeal is timely.[1]

[¶5.]        Whether the circuit court's decision was properly entitled a "Judgment" is a question of statutory interpretation this Court reviews de novo.

---

1.     The State concedes that if the circuit court's decision is deemed an order, then Litschewski's appeal is timely and this Court has jurisdiction.

*State v. Goulding*, 2011 S.D. 25, ¶ 5, 799 N.W.2d 412, 414 (citing *State v. Miranda,* 2009 S.D. 105, ¶ 14, 776 N.W.2d 77, 81). "It is a fundamental rule of statutory construction that the intention of the law is to be primarily ascertained from the language expressed in the statute." *Kauth v. Bartlett*, 2008 S.D. 20, ¶ 9, 746 N.W.2d 747, 750 (quoting *Huber v. Dep't of Pub. Safety,* 2006 S.D. 96, ¶ 14, 724 N.W.2d 175, 179). "We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject." *State v. Anders*, 2009 S.D. 15, ¶ 10, 763 N.W.2d 547, 551 (quoting *Rotenberger v. Burghduff,* 2007 S.D. 7, ¶ 8, 727 N.W.2d 291, 294).

[¶6.]        Black's Law Dictionary 918 (9th ed. 2009) defines the term "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case." An "order," on the other hand, is defined as a "written direction or command delivered by a court or judge." *Id.* at 1206. Here, the circuit court's denial of Litschewski's motion to vacate or modify an illegal sentence was not a judgment because it did not constitute a "final determination of the rights and obligations of the parties . . . ."[2] The circuit court's decision denying Litschewski's motion was an

---

2.    In *State v. Iverson*, 269 N.W.2d 390, 393 (S.D. 1978), *overruled on other grounds by State v. Brassfield*, 2000 S.D. 110, ¶ 8, 615 N.W.2d 628, 631, this Court interpreted SDCL 23-51-6, the predecessor of SDCL 23A-32-15, which provided:

> Any appeal other than from a judgment must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. An appeal from the judgment must be taken within sixty days after the judgment is signed, attested and filed.

(continued . . .)

order. Litschewski had thirty days from the date he received notice of the filing of the order to file his notice of appeal. Therefore, Litschewski's appeal is timely.

*Illegal Sentence*

[¶7.]     Litschewski argues his sentence was illegal under the version of SDCL 22-6-6.1 that was in effect at the time he was sentenced. Specifically, Litschewski argues the circuit court lacked the authority to order that his sentence for Count II was to run consecutive to Count I because Count II occurred first in time. Whether Litschewski's sentence was illegal is a question of statutory interpretation we review de novo. *Goulding*, 2011 S.D. 25, ¶ 5, 799 N.W.2d at 414 (citing *Miranda,* 2009 S.D. 105, ¶ 14, 776 N.W.2d at 81).

[¶8.]     The 1983 amended version of SDCL 22-6-6.1 is the version of the statute that was in effect when Litschewski was sentenced in 1997. It read as follows:

> If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the judgment or sentence was entered, the judgment or sentence may be that the imprisonment on the subsequent conviction may run concurrently with the imprisonment on any prior conviction or the imprisonment for *the subsequent offense* may commence at the expiration of the imprisonment upon any other offense.[3]

---

(. . . continued)

> SDCL 23-51-6 (repealed 1978). In *Iverson*, we held that the circuit court's resentencing of the defendant, and not its initial sentencing, constituted the "final judgment" which started the clock running on the notice of appeal. 269 N.W.2d at 393. We interpreted the term "judgment" to mean "final judgment of conviction." *Id.*

3.     In 2001, the Legislature amended the statute to read:

(continued . . .)

#25876

SDCL 22-6-6.1 (1997) (emphasis added).

[¶9.]    We interpreted this version of SDCL 22-6-6.1 in *State v. Arguello*, 1996 S.D. 57, 548 N.W.2d 463. In that case, Arguello was charged with third-degree burglary in 1993 and was convicted and sentenced for the offense later that year. *Id.* ¶ 2. In 1994, while on probation, Arguello was charged with first-degree robbery and was convicted in a proceeding entirely separate from the burglary charge. *Id.* ¶ 3. On December 13, 1994, Arguello was sentenced by one judge for the robbery and then resentenced on the burglary charge by a different judge later that same day. *Id.* ¶¶ 3-4. The second judge ordered the sentence for burglary to run consecutive to the sentence for robbery, even though the burglary had occurred first in time. *Id.* ¶ 4. In reversing the sentence for the burglary conviction, we noted, "SDCL 22-6-6.1

_____

(. . . continued)

> If a defendant has been convicted of two or more offenses, regardless of when the offenses were committed or when the judgment or sentence was entered, the judgment or sentence may be that the imprisonment on any of the offenses or convictions may run concurrently or consecutively at the discretion of the court.

2001 S.D. Sess. Laws ch. 111, § 1. The Legislature amended SDCL 22-6-6.1 again in 2005. The 2005 amended version of SDCL 22-6-6.1, which remains in effect today, provides as follows:

> If a defendant is convicted of two or more offenses, regardless of when the offenses were committed or when the judgment or sentence is entered, the judgment or sentence may be that the imprisonment on any of the offenses or convictions may run concurrently or consecutively at the discretion of the court.

2005 S.D. Sess. Laws ch. 120 § 432. The 2001 and 2005 amended versions of SDCL 22-6-6.1 are not applicable in this case because they were not in effect when Litschewski was sentenced in 1997. We must decide this case by interpreting the language of SDCL 22-6-6.1 that was in effect at the time Litschewski was sentenced.

provides a specific instance when the trial court may impose a concurrent sentence and a specific instance when a consecutive sentence may be imposed." *Id.* ¶ 11. We further explained that the first judge "had the authority to give Arguello a concurrent or a consecutive sentence because he was sentencing for a subsequent conviction and a subsequent offense." *Id.* ¶ 13. However, the second judge "did not have the authority to give a consecutive sentence since he was sentencing on a prior, not a subsequent, offense."[4] *Id.*

[¶10.]     Just four months after *Arguello*, we decided *State v. Sieler*, 1996 S.D. 114, 554 N.W.2d 477. In *Sieler*, the defendant received consecutive sentences for the rape, kidnapping, and attempted murder of his former girlfriend. *Id.* ¶¶ 2-3. Although all of the crimes took place over the course of a single, four-hour time period, the circuit court found that they were each separate transactions and imposed consecutive sentences for each offense. *Id.* ¶ 3. In upholding the sentence, we stated, "[the] clear and unambiguous language [of SDCL 22-6-6.1] allows the sentencing court to impose sentences consecutively . . . ." *Id.* ¶ 16.

---

4.    The State argues the first three cases decided after the 1983 amendment to SDCL 22-6-6.1 recognized a broad grant of authority to circuit courts in imposing consecutive sentences. *See State v. Karp*, 527 N.W.2d 912, 914 (S.D. 1995) ("[T]he sentencing court has broad discretion . . . to impose a subsequent sentence to run either concurrently or consecutively to a prior sentence."); *State v. Swallow*, 405 N.W.2d 29, 43 (S.D. 1987) ("We believe the statute is specific on its face and that it allows for consecutive sentences 'regardless of when the offenses were committed or when the judgment or sentence was entered.'"); *State v. Christians*, 381 N.W.2d 214, 217 (S.D. 1986) ("The trial court is expressly granted authority to impose consecutive sentences . . . ."). However, in none of those three prior cases was this Court "presented with the issue of whether a consecutive sentence is allowable under SDCL 22-6-6.1 when the court is imposing sentence for a prior offense." *Arguello*, 1996 S.D. 57, ¶ 11 n.1, 548 N.W.2d at 464 n.1.

[¶11.]     The State argues *Sieler* is inconsistent with our holding in *Arguello*. We disagree. The circuit court in *Sieler* was not imposing a sentence for a prior offense. Rather, the circuit court imposed consecutive sentences for crimes that occurred during the same four-hour time period, but which the circuit court deemed to be separate transactions. *Sieler* did not specifically address the issue of whether the 1983 amended version of SDCL 22-6-6.1 allowed the circuit court to impose a consecutive sentence for a prior offense. Thus, *Sieler* is distinguishable from *Arguello.*

[¶12.]     In *State v. Meyers*, 1997 S.D. 115, 571 N.W.2d 847, we again interpreted the 1983 amended version of SDCL 22-6-6.1. In *Meyers*, the defendant was convicted and sentenced on a charge of third-degree burglary. *Id.* ¶ 2. While on probation for that offense, he failed to return to jail from his work release, and was subsequently convicted of escape. *Id.* ¶ 3. The circuit court imposed a two-year sentence for both the original burglary charge and the escape charge, and ordered the sentences to be served consecutive to each other. *Id.* Relying on *Arguello*, this Court held that the defendant's "'prior' offense was burglary, and his 'subsequent' offense was escape." *Id.* ¶ 7 (citing *Arguello*, 1996 S.D. 57 at ¶¶ 11-13, 548 N.W.2d at 464-65). Therefore, "the burglary sentence could only be served *prior* to the escape sentence and the trial court had no authority to direct that the burglary sentence should be served consecutive to the escape sentence." *Id.* (citing *Arguello*, 1996 S.D. 57 at ¶¶ 11-13, 548 N.W.2d at 464-65) (emphasis in original).

[¶13.]     The most recent case interpreting the 1983 amended version of SDCL 22-6-6.1 is *State v. Perovich*, 2001 S.D. 96, 632 N.W.2d 12. In that case, Perovich

received ten consecutive life sentences for two counts of rape and criminal pedophilia against one victim and three counts of rape and criminal pedophilia against another victim. *Id.* ¶ 9. The circuit court determined that the five first-degree rape sentences were to run "consecutive with each other" and all criminal pedophilia sentences were to run "concurrent with the corresponding first-degree rape counts." *Id.* ¶ 32. On appeal, Perovich argued that, under the 1983 amended version of SDCL 22-6-6.1, the circuit court was required to sentence him to concurrent sentences for all crimes that occurred prior to the date of the last offense. *Id.* ¶ 33. We rejected Perovich's argument and held "SDCL 22-6-6.1 authorizes the trial court to impose these sentences consecutively." *Id.* ¶ 33.

[¶14.]    In *Perovich*, we found that the 1983 amended version of SDCL 22-6-6.1 "allow[ed] for consecutive sentences regardless of when the offenses were committed or when the judgment or sentence was entered." *Id.* ¶ 33. In reaching this conclusion, we relied on general language contained in the first portion of the statute. But the 1983 amended version of SDCL 22-6-6.1 went on to provide for a specific instance in which the circuit court may impose a consecutive sentence. The statute provided, "the imprisonment for the subsequent offense may commence at the expiration of the imprisonment upon any other offense." This specific language qualified the more general language of the statute. In *Perovich*, we did not address the specific language of the statute. However, in *Arguello* and *Meyers*, we did address this specific language and held that the 1983 amended version of SDCL 22-6-6.1 only authorized a circuit court to impose a consecutive sentence for a "subsequent offense." *Meyers*, 1997 S.D. 115, ¶ 7, 571 N.W.2d at 848; *Arguello*,

1996 S.D. 57, ¶ 11, 548 N.W.2d at 464. We therefore rely upon our holdings in *Arguello* and *Meyers* in deciding this case.

[¶15.]     Litschewski's conviction of first-degree rape in Count I was based on an incident that occurred in 1991. His conviction of third-degree rape in Count II was based on an incident that occurred in 1989. Count II was the offense that occurred first in time. Thus, under the version of SDCL 22-6-6.1 that was in effect when Litschewski was sentenced, the circuit court lacked the authority to order Litschewski's sentence for Count II to run consecutive to Count I.

[¶16.]     The circuit court's denial of Litschewski's motion to modify an illegal sentence is reversed. This case is remanded for further proceedings.

[¶17.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.