McCORD, Judge.
Having pled guilty to grand theft, appellant appeals the trial court’s order directing that, as a condition of his probation, appellant make restitution in full to the victim, including 15% interest per year. We affirm.
Appellant and Kim Melton burglarized a dwelling, and each stole certain items. Appellant later turned himself in and returned all the items that he personally took. However, Melton had sold some of the items he took during the burglary, and thus all of the stolen items were not returned to the victim. Melton was sentenced to prison. The trial judge sentenced appellant to prison also but suspended all but eleven months of his sentence, requiring that the remaining time be served on probation. As a condition of probation, the judge ordered appellant to make restitution to the victim for the difference between the value of the goods stolen and the goods recovered, plus 15% interest per year. Appellant contends that since all of the goods that he stole were recovered, he should not be made to pay restitution for the unrecov-ered goods for which Melton was responsible. However, in Pollreisz v. State, 406 So.2d 1297 (Fla. 1st DCA 1981), as here, the appellant appealed a probation order requiring that he make restitution of an amount equal to the full value of the aggregate thefts committed by appellant and a co-defendant while the co-defendant was sentenced to prison with no requirement of restitution. The court in Pollreisz affirmed, holding that “[W]here criminal activity is undertaken in concert with others, the method of prorating any required restitution is a matter within the discretion of the trial judge.” Thus, we affirm the restitution requirement in this case.
Appellant further contends that the trial court erred in requiring that he pay 15% interest on the restitution. Section 948.03(1)(g), Florida Statutes, which provides that, as a condition of probation, the court may require that the probationer make restitution to the aggrieved party for the damage or loss caused by his offense “in an amount to be determined by the court.” We find no abuse of discretion in the interest imposed. Payment of interest merely requires full compensation for the victim’s loss.
A discrepancy exists in the record as to the amount of restitution to be paid by appellant. The restitution amount is listed on the judgment and sentence as $550 while the probation order reflects it to be $570. We remand to the trial court for clarification of that amount.
Affirmed but remanded for clarification of the restitution amount.
ERVIN and JOANOS, JJ., concur.