Cecil **CLAYBORN**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1985.

**414**

J. Vincent Aprile, II, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, MILLER and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Bullitt Circuit Court, revoking appellant's conditional probation and sentencing him to five years' imprisonment.

In November of 1979, appellant was convicted of second-degree assault and sentenced to five years' confinement in the penitentiary. The trial court refused to probate appellant's sentence in the final judgment, and we affirmed his conviction on appeal. Appellant then filed a KRS 439.265 motion to suspend further execution of his sentence. The lower court granted the motion subject to various con-

ditions, but primarily required appellant to make restitution to his victim in the amount of $29,500 at $80 per week for five years, or until paid in full.

In June of 1984, the circuit court held a hearing on the Commonwealth's motion to determine whether appellant had violated the conditions of his shock probation. The Commonwealth asked the court to revoke appellant's probation, alleging that he had failed to make the required restitution payments. In response, appellant requested an itemized statement of the victim's damages from the Commonwealth. Appellant also asked the court to substitute the Motors Insurance Company in place of the victim because the victim received Workers' Compensation for the injuries he sustained from appellant's assault. The court overruled both motions.

After hearing the evidence, the trial court concluded that appellant violated the terms of his shock probation. In revoking probation, the court summarized appellant's financial status as follows:

That on June 26, 1984, his net pay was $267.31; on July 3, 1984, it was $239.93; on July 10, 1984, it was $369.36; on July 17, 1984, it was $477.01; on July 24, 1984, it was $448.38, and on July 31, 1984, it was $284.93. There was no valid reason given why the defendant could not have paid restitution during these weeks and support himself and his wife out of the remainder.

In seeking reversal, appellant contends the revocation order violated his right to due process and equal protection afforded him by Section 1 of the Fourteenth Amendment to the United States Constitution. On these facts, we must agree.

■ First, the trial court's holding "there was no valid reason given why the defendant could not have paid restitution during these weeks and support himself and his wife out of the remainder" is clearly erroneous. Although the Commonwealth's motion for revocation was filed on June 26, 1984, and the trial court stated that the time parameters for his considera-

tion expired on June 26, 1984, the court's entire holding is based on income allegedly received after that day. This alone constitutes reversible error.

The court also erred in failing to consider alternative measures of punishment. The United States Supreme Court recently considered this very same issue in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The court reversed a revocation order of the Georgia Supreme Court, stating as follows:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay.... If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the state's interest in punishment and deterence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment. *Id.* 461 U.S. at 672–73, 103 S.Ct. at 2073, at 233.

KRS 533.030(3) also provides for alternative measures of punishment, as follows:

> The court may, in lieu of ordering monetary restitution, order the defendant to make restitution by working for or on behalf of the victim. The court shall determine the number of hours of work necessary by applying the then prevailing federal minimum wage to the total amount of monetary damage caused by or incidental to the commission of the crime. The court may, with the consent of the agency, order the defendant to work for a public agency of the Commonwealth, a county, or a city for a period of time equal to that determined in the case of working for a victim.

■ In this case, the revoking court did not consider any alternative forms of punishment. Despite evidence in the record that appellant's income from June of 1983 through May of 1984 averaged $113.00 per week, the revoking court did not determine whether appellant made bona fide efforts to pay the fine, or whether appellant was capable of paying the fine, or whether alternative forms of punishment would be adequate to meet the state's interest in punishment and deterrence as required by *Bearden.* The court simply based its revocation order on the bare fact that appellant failed to make restitution payments. This, too, constitutes reversible error.

The court also erred in overruling appellant's motion for itemization. Under KRS 533.030(3), restitution is appropriate in the following circumstances:

> When imposing a sentence of probation ... in a case ... where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime, or if as a direct result of the crime the victim incurred medical expenses that were paid by the Department for Human Resources, the crime victim compensation board, or any other governmental entity, the court shall order the defendant to make restitution in addition to any other penalty provided for the commission of the offense.

The statute limits restitution to the victim's actual out-of-pocket expenses which are paid by the victim, the Department for Human Resources, the crime victim compensation board or other governmental entity. In this case, Motors Insurance Company paid the victim $22,000 for impaired earnings and medical expenses. If the victim's actual out-of-pocket losses exceeded $22,000 then he is entitled to restitution under KRS 533.030(3) for the excess. However, if the victim's injuries were fully compensated by the $22,000 insurance payment, then he is not entitled to restitution.

■ In that event, appellant is not responsible for any restitution. It's true that the insurer has incurred expenses as a re-

sult of appellant's assault, but Motors Insurance Company is not a reimbursable entity under the statute. In order to resolve this issue the victim must produce an itemized statement of actual out-of-pocket expenses, and the court erred in failing to order the itemization.

The judgment of the Bullitt Circuit Court revoking probation is reversed and the case is remanded for further proceedings consistent with this opinion. The trial court is directed to limit its consideration to the income for the period covered by the motion for revocation. The court is also directed to consider alternative forms of punishment as required by *Bearden* and as delineated in KRS 533.030(3). The court is further ordered to direct the victim to produce an itemized statement of actual out-of-pocket losses, and to determine whether restitution is even appropriate in this case at all.

MILLER, Judge, concurs.

WILHOIT, Judge, concurs in part and dissents in part and files separate opinion.

WILHOIT, Judge, concurring in part and dissenting in part.

I concur in the majority opinion reversing the trial court's revocation of probation and remanding for further proceedings.

With respect to the denial of the appellant's separate proceeding pursuant to CR 60.02(f), it appears that he was seeking to amend the original order granting probation by substituting an insurance carrier as payee of restitution in place of the victim. I do not believe that KRS 533.030 contemplates that restitution shall be made to any entity other than the victim or a governmental agency. In fact, it appears to me that to the extent a private insurance company has paid the victim for medical expenses, loss of earnings, etc., restitution to the victim can only be the difference between the actual expenses he has or will pay and the amount the insurance company pays to or for him. The trial court cannot be faulted for refusing to name an ineligi-

ble payee to receive restitution and thus did not err in denying the CR 60.02(f) motion.

The appellant may well be entitled to some relief under CR 60.02(e), for example, if all or part of the victim's medical expenses, loss of earnings, etc., have now been paid by a private insurance company. That question has not yet been presented to the trial court and cannot be decided by us.