**Eddie RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-85-00083-CR.**

Court of Appeals of Texas, San Antonio.

May 7, 1986.

Humberto G. Garcia, Garcia & Gutierrez, San Antonio, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

## OPINION

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

CADENA, Chief Justice.

Appellant, after a jury found him guilty of theft of services, was placed on probation for two years. We reject appellant's contention that the evidence is insufficient to establish his guilt beyond a reasonable doubt. The evidence showed:

Appellant, service manager at a car repair shop, directed employees to repair two of his vehicles, telling them that the owner of the shop had authorized such repairs and that they would be paid for the labor performed by them. The owner of the business denied that he had authorized the repair of appellant's vehicles. The mechanics were compensated for the work they did on appellant's cars, but appellant admits that he did not pay for the labor expended in making the repairs or for the parts used by the mechanics.

■ Such evidence, if believed by the jury, is sufficient to establish beyond a reasonable doubt that appellant had no intention to pay for the repairs at the time he falsely told his subordinates that the owner of the repair shop had authorized the work.

Appellant seeks reversal on the ground that the trial court improperly excused a juror, forcing appellant to go to trial before a jury consisting of only eleven persons. This point lacks merit.

After the jury had been selected and sworn, but before the indictment had been read, the proceedings were recessed for the day. The next morning the trial judge announced that he had excused a member of the jury because she had become so ill that she was disabled from serving. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29 (Vernon 1981). When the judge finished his announcement, appellant asked if he could "just register" his objection "for the record." When the court said, "Sure," appellant said, "I so register my objection." The objection was overruled.

■ Appellant argues that this action of the trial court was error because he was not present when the juror was excused and was denied an opportunity to present evidence showing that the juror was not disabled. We cannot uphold appellant's

contention, since his objection was only a general objection which did not include any grounds. Such a general objection does not preserve error. *Hackbarth v. State,* 617 S.W.2d 944, 947 (Tex.Crim.App.1981).

■ The inclusion, as a condition of probation, that appellant make restitution in the sum of $4,291.11 is error. Appellant was charged only with theft of services, and the undisputed testimony shows that the value of such services was $1,489.00. Since there is no evidence to support the amount of restitution required, the requirement cannot stand. *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex.Crim.App.1980).

■ TEX.CODE CRIM.PROC.ANN. art. 42.12, § 6(a) (Vernon Supp.1986), which authorizes imposition of conditions on the granting of probation, does not specifically authorize the award of interest on the amount ordered paid to the victim. However, the statute declares that the conditions imposed "may include, but shall not be limited to" those listed. We cannot conclude that the requirement that the amount to be restored bear interest at the rate of 10 1/2% per annum amounts to an abuse of the broad discretion which the statute vests in the trial court.

The order of probation is modified by striking the requirement that appellant make restitution of the amount of $4,291.11 and substituting the requirement that appellant, as a condition of probation, make restitution in the amount of $1,489.00, plus interest at the rate of 10½% per annum until paid. Such restitution shall be made in 24 monthly payments, with the first payment of $63.00, plus accrued interest, to be made on the date that appellant's probationary period begins, and a payment of $62.00, plus accrued interest, to be made on the first day of each of the following 23 months. Interest shall accrue from December 5, 1984, the date of the original judgment.

In all other respects the judgment and orders of the trial court are affirmed.