**COMMONWEALTH of
Kentucky, Movant,**

v.

**Lowell T. BAILEY, Respondent.**

Supreme Court of Kentucky.

Nov. 6, 1986.

Rehearing Denied Jan. 22, 1987.

David L. Armstrong, Atty. Gen., Frankfort, Paul W. Richwalsky, Jr., Asst. Atty. Gen., for movant.

James P. Benassi, Appellate Public Advocate, Frankfort, for respondent.

GANT, Justice.

Respondent was indicted on four counts of theft by deception of over $100. He entered a plea of guilty to each count and was sentenced to four terms of three years each, to be served concurrently, and concurrently with an additional sentence respondent was serving from the Fayette Circuit Court. The offenses involved four worthless checks totalling $1,830.80.

Inasmuch as respondent was ineligible for probation, the Commonwealth sought to invoke the provisions of KRS 431.200, which reads as follows:

> **431.200 Reparation for property stolen or damaged, from person convicted**
>
> Any person convicted of a misdemeanor or felony for taking, injuring or destroying property shall restore the property or make reparation in damages if not ordered as a condition of probation. The court in which the conviction is had, if applied to by verified petition made within ninety (90) days of the date the sentence was pronounced, may order restitution or give judgment against the defendant for reparation in damages, and enforce collection by execution or other process. In a petition for restitution or reparation, the court shall cause the defendant, if in custody, to be brought into court, and demand of him if he has any defense to make to the petition. If he consents to the restitution or to reparation in damages in an agreed sum, the court shall give judgment accordingly. Otherwise a jury shall be impaneled to try the facts and ascertain the amount and the value of the property or assess

the damage, as the case may be. A failure to pursue this remedy shall not deprive the person aggrieved of his civil action for the injury sustained.

Technically, the Commonwealth Attorney failed to precisely conform to the statute, as he proceeded by "Motion To Order Restitution" rather than by verified petition as required by the cited statute. However, no objection to form was made in the trial court, the Court of Appeals, or here. The remainder of the statute was complied with. The motion was filed within 30 days; the respondent was in custody; he was brought to court, along with his attorney; and a judgment and order of restitution was entered. The order itself directed three things. First, it directed the respondent to make designated restitution to each of the four victims. Second, it directed the Correction Cabinet or other custodian of the respondent or his records to notify the court of his date of release. Third, it directed the respondent to report to the Franklin Circuit Court at 9 a.m. on the first Monday following his release from incarceration for the purpose of establishing a payment schedule for restitution.

Conceding the authority of the trial court to grant the first part of the order (the restitution), under KRS 431.200, respondent appealed to the Court of Appeals on the second and third parts of the order (the enforcement portions), on the grounds that they were not explicitly authorized by statute and constituted imprisonment for debt in violation of § 18 of the Kentucky Constitution. The Court of Appeals reversed the Franklin Circuit Court on these two issues.

To dispose of the last argument, we find no imprisonment for debt or even threat thereof in the order of the Franklin Circuit Court, and this contention has no standing in this particular case.

It is the opinion of this court that the remedy provided under KRS 431.200 is an additional statutory remedy. It is exercised only if the defendant is in custody for the period immediately following his determination of guilt, and the last sentence of the statute specifically contrasts this action with the civil action which may be filed by the person or persons aggrieved. The legislature has taken a commendable action to ascertain that the victim of a misdemeanor or felony involving the taking, injuring or destroying of his property may have a simple method of obtaining restitution of that property. It would be an anomaly to permit restitution to a victim as a part of the probation process of a first offender, which is recognized as available, and then to deny such restitution when the criminal, because of his own conduct, is ineligible for probation.

We also do not feel this is additional punishment exacted by the criminal justice system. It is neither imprisonment as envisioned by KRS Chapter 532, nor fine as set out in KRS Chapter 534. It is merely a system designed to restore property or the value thereof to the victim. It is not punishment to make the criminal give back something which was never his and which was obtained by him only by commission of a crime.

The present thrust of the law, through victims' relief funds, the Federal Victim and Witness Protection Act of 1982 (18 U.S.C. §§ 3579, 3580), etc., has been to assist the victim and to reduce the profit from crime. KRS 431.200 is but another step.

It is also not fatal to the judgment or order herein that the final establishment of the payment schedule for restitution was deferred until such time as respondent is released from custody. It is only then that the court and respondent will have the complete information from which a fair and comprehensive plan may be evolved, taking into consideration such things as employment, dependents, other debts, etc. Although deferment is not specifically mentioned in the statute, it is implicit that the court, once empowered to order restitution, may make such act workable, meaningful and considerate of the rights of all the parties.

Respondent argues that the Court of Appeals was correct in its holding that "... any orders by the trial court which purport

to affect the appellant after his release from imprisonment are outside the scope of the statute and therefore invalid."

We feel this is error. A judgment was entered within 30 days from the date of conviction, and assumes the status of any other judgment. It is enforceable just as any other judgment is enforceable, by use of "execution or other process" as set out in the statute.

That portion of the opinion of the Court of Appeals affirming the order of restitution is affirmed. The remainder of the opinion is reversed, and the order of the Franklin Circuit Court is reinstated.

STEPHENS, C.J., and WHITE and WINTERSHEIMER, JJ., concur.

LEIBSON, STEPHENSON and VANCE, JJ., dissent.

STEPHENSON, J., files a dissenting opinion in which LEIBSON and VANCE, JJ., join.

STEPHENSON, Justice, dissenting.

I have an uncomfortable feeling when this court amends an act of the legislature by opinion.

The restitution statute, by its plain terms, entitles a victim to a *civil* judgment if he desires to pursue the right granted in the statute. The legislature was careful to avoid making this procedure an exclusive remedy by providing in the last sentence that failure to pursue the remedy in the statute should not deprive the victim of his civil action for the injury sustained.

The authority of the trial court to order a defendant into court for the purpose of restitution or reparation in damages is strictly statutory. This statute provides that the defendant, *if in custody,* may be ordered into court. The statute does not have any provision, nor is there any authority bestowed upon the trial court, to *order* the defendant into court after he is released from custody in order to establish a payment schedule.

The reasons set out in the majority opinion to justify ordering the defendant into

court after release from custody may be desirable, but there is no authority, express or implied, for the trial court's action in this proceeding, and implying such authority effectively amends the statute.

This is a civil judgment and may be enforced according to well-established procedures. Established procedures and the statute do not provide for a coerced attendance in court in order for the court to establish a payment schedule. The trial court simply exceeded its authority in this order.

Accordingly, I dissent.

LEIBSON and VANCE, JJ., join in this dissent.