**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Clarence David KARNES, Appellee.**

**No. 92–SC–320–DG.**

Supreme Court of Kentucky.

March 18, 1993.

Chris Gorman, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellant.

Michael L. Boylan, Boylan, Jarrett & Campisano, Louisville, for appellee.

### OPINION OF THE COURT

A Grayson Circuit Court jury found Clarence David Karnes guilty of theft by unlawful taking of over $100 from his former employer, Coast to Coast Hardware in Leitchfield. On appeal from the judgment entered pursuant to the jury verdict, Karnes raised six issues. The Court of Appeals addressed all the issues and, by a 2–1 vote, found a single reversible error relating to the Commonwealth's alleged failure to prove the existence of a corpus delicti. We granted the Commonwealth's motion for review of that question and now reverse, agreeing with dissenting Court of Appeals Judge Emberton that the out-of-court confession by Karnes was corroborated by circumstantial evidence sufficient to establish commission of a crime.

Karnes was the bookkeeper for Coast to Coast for nearly a decade. His job ended when, in January of 1989, the owners sold the unprofitable store. Although the business turned a profit in 1978 and 1979, before Karnes worked for the store, it was not profitable in any subsequent year. Both of the store co-owners testified as to suspicions that Karnes was taking money. On two different days late in 1988, the co-owners placed an extra $20 in the cash register. The daily reports prepared by Karnes revealed no such overage.

In addition, the Commonwealth showed currency deposits by Karnes into his personal accounts in amounts sometimes greatly exceeding his salary. Several months after this employment ended, Karnes also deposited over $70,000 into his personal bank account in Louisville, where Karnes was apprehended for federal bank robbery in September of 1989. In response to questioning by F.B.I. agents at that time, Karnes admitted embezzling about $70,000 from Coast to Coast. Karnes repudiated his confession several days later, claiming to have been covering for a male friend he met in May of 1989.

RCr 9.60 provides that "(a) confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied by other proof that such an offense was committed." In *Slaughter v. Commonwealth*, Ky., 744 S.W.2d 407, 410–11 (1988), we stressed that such additional proof of a criminal offense need not be proof that the defendant committed the crime. Thus, Karnes cannot be heard to complain concerning corpus delicti that someone else may have stolen from Coast to Coast.

Upon our review of the videotapes of this three-day trial, we agree with the trial court's conclusion that sufficient circumstantial evidence of a crime was shown to create a jury question. Had we concluded to the contrary, however, we would perceive no possibility of retrial as indicated by the Court of Appeals in addressing some of the other issues on appeal.

Although Karnes filed no cross-motion for discretionary review, he attempts to raise one of the other issues from his direct appeal in his appellee's brief in this Court. Even were that matter properly before this Court, which it is not, our analysis of the question properly before us under this record also would defeat the attempted argument by Karnes concerning sufficiency of the evidence to support the jury's verdict.

The Court of Appeals decision is reversed, and this matter is remanded to that court for further proceedings consistent with this opinion.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents and would affirm the Court of Appeals decision.