623 So.2d 844 (1993)
Franklin EBAUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2952.
District Court of Appeal of Florida, Fifth District.
September 10, 1993.
James B. Gibson, Public Defender and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
*845 Robert A. Butterworth, Atty. Gen., Tallahassee and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant Franklin Ebaugh appeals the trial court's order directing him to pay 10% annual interest on restitution owed to two of his victims. We affirm.
The state charged Ebaugh with nine counts of grand theft. Pursuant to a plea agreement, Ebaugh pled nolo contendere to three of these counts, and the state entered a nolle prosequi as to the remaining counts. The trial court then placed Ebaugh on probation and, as a condition of probation, ordered him to pay $27,814.88 in restitution at the rate of $250 per month. The trial court ordered that all restitution payments be credited first to the $13,558 due Simpkins and Sheriff, two victims of Ebaugh's crimes. The court further ordered that Ebaugh pay 10% annual interest on the balance owed as restitution to Simpkins and Sheriff.[1]
Ebaugh first argues that the imposition of 10% interest on the unpaid restitution due to Simpkins and Sheriff was illegal because the imposition of interest was not authorized by statute. More specifically, Ebaugh argues that section 775.089(1)(a), Florida Statutes (1991), does not provide for the imposition of interest and that the statute should be strictly construed in his favor.
In determining legislative intent, the court must view the entire statute under consideration and must give effect to every part of the statute. State v. Rodriquez, 365 So.2d 157, 159 (Fla. 1978). Section 775.089 provides in pertinent part:
775.089 Restitution. 
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, ... .
* * * * * *
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense ... and such other factors which it deems appropriate.
* * * * * *
(12)(a) Issuance of income deduction order with an order for restitution. 
1. Upon the entry of an order for restitution, the court shall enter a separate order for income deduction if one has not been entered.
* * * * * *
4. When the court orders the income deduction, the court shall furnish to the defendant a statement of his rights, remedies, and duties in regard to the income deduction order. The statement shall state:
a. All fees or interest which shall be imposed.
* * * * * *
§ 775.089, Fla. Stat. (1991) (emphasis added).
Paragraph (1)(a) of section 775.089 must be read in pari materia with paragraphs (6) and (12)(a)1 and 4 of the statute because statutes which relate to the same or to a closely related subject or object are regarded in pari materia and should be construed and compared with each other. Ferguson v. State, 377 So.2d 709, 710 (Fla. 1979); Alachua County v. Powers, 351 So.2d 32, 40 (Fla. 1977). A reading of these provisions reveals that the legislative intent was to allow a court to impose interest when ordering a defendant to make restitution where interest is necessary to reimburse the victim for any loss sustained and caused directly or indirectly by the defendant's offense. Consequently, we conclude that the statute authorized the trial court to award interest on the amounts lost by the victims because of the grand thefts committed by Ebaugh.[2]
*846 Ebaugh also claims that the imposition of a duty to pay his victims interest was improper because there was no causal relationship between his crime and the victims' loss of interest. In State v. Williams, 520 So.2d 276 (Fla. 1988), our supreme court ruled that the damage or loss for which restitution is ordered must be caused directly or indirectly by the defendant's offense and that there must be a significant relationship between the damage to or loss of the victim and the crime proved. Id. at 277. See also O'Steen v. State, 547 So.2d 235, 237 (Fla. 1st DCA 1989). Here, the grand theft committed by Ebaugh directly caused the victims to lose $13,558; thus, a significant relationship clearly existed between the victims' loss of this money and Ebaugh's crimes of grand theft. Moreover, when Ebaugh took this sum from the victims, he deprived them of the use of this money which, in turn, resulted in a loss of interest on the money. Interest is an element of the damages which flow directly from a conversion of a person's money or property. See Page v. Matthews, 386 So.2d 815 (Fla. 5th DCA 1980). See also Exxon Corp. v. Ward, 438 So.2d 1059 (Fla. 4th DCA 1983); Gillette v. Stapleton, 336 So.2d 1226 (Fla. 2d DCA 1976). Thus, Ebaugh's crimes of grand theft indirectly, if not directly, caused the victims' loss of interest.
Ebaugh also argues that, by failing to set forth the specific terms of the interest award, the trial court illegally delegated to the probation officer the authority to fix the amount of restitution.[3] We reject this argument. Under the trial court's order, interest runs from the date of the order which determined the amount of restitution. The interest is specifically set at 10% per year, and the interest must be simple, not compound, interest. See Dezen v. Slatcoff, 65 So.2d 484, 485 (Fla. 1953); § 687.01, Fla. Stat. (1989). See also § 55.03(1), Fla. Stat. (1989). Thus, the probation officer is required only to calculate the annual interest due on the unpaid amount of restitution. This task, which is merely a ministerial function, does not constitute a delegation of a judicial function by the trial court.
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] The trial court ordered that, after Simpkins and Sheriff were paid in full, Ebaugh's restitution payments should be credited next to the $656.88 due to the Brevard County Sheriff's office until the sheriff's office was fully paid and, finally, to the $13,600 due to a bonding company.
[2] In reaching this conclusion we have not overlooked Powell v. State, 595 So.2d 223 (Fla. 1st DCA), rev. denied, 601 So.2d 553 (Fla. 1992), which held that, since the defendant had offered to pay interest on the restitution ordered, the defendant was precluded from asserting any error in this regard. The court commented that section 775.089 contains no express provision for interest; however, this statement constitutes obiter dictum without analysis of the statute and its various provisions. Id. at 225.
[3] Ebaugh also argues that the court erred in ordering him to pay interest at the rate of 10% because there was no evidence that the victims could have received 10% annual interest if they had invested the money. Section 687.01, Florida Statutes (1989), imposes a statutory rate of 12% annual interest unless the parties agree to a lesser or greater rate by written contract. See also section 55.03(1), Florida Statutes (1989), which imposes a 12% annual rate of interest on a judgment unless the judgment is based on a written contract or obligation providing for a lesser rate. Consequently, we conclude that the trial court did not abuse its discretion in setting the interest rate at 10% per year.