Patricia HEARN and James
Hearn, Appellants,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2000–SC–0865–DG.

Supreme Court of Kentucky.

June 13, 2002.

J. Bart Adams, Louisville, KY, for appellant, Patricia Hearn.

Steven R. Romines, Romines, Weis & Young, Louisville, KY, for appellant, James Hearn.

A.B. Chandler, III, Attorney General, Frankfort, KY, Jonathan A. Dyar, Special Assistant Attorney General, Teresa Young, Assistant Commonwealth Attorney, Jeanne Deborah Anderson, Assistant Commonwealth Attorney, Louisville, KY, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed and remanded an order of the circuit court which had denied the motion of the Commonwealth to charge interest on court-ordered restitution in a criminal case.

The sole issue is whether the trial courts of Kentucky have the authority to order post-judgment interest to be paid on the principal amount of restitution until the amount is paid in full under KRS 533.030(3).

James and Patricia Hearn pled guilty to twelve counts of theft by failure to make required disposition of property received in violation of KRS 514.070, and one count of theft by deception under KRS 514.040. The Hearns admitted to having converted to their own use more than $300,000 that had been entrusted to Patricia as a deputy superintendent of the Jefferson County schools.

As part of her official duties, Patricia Hearn conducted business dealings with the private foundation known as the "Jefferson County Public Education Foundation," a private fund-raising organization which had been created to make possible the purchase of computers, encyclopedias and other resources for the schools of Jefferson County. Beginning in May 1994, Patricia Hearn began requesting checks from the Foundation in order to purchase encyclopedias and CD–ROM packages for the schools. Between May 1994 and September 1997, she requested and received twelve checks from the Foundation totalling over $400,000. These checks were to pay for 350 sets of encyclopedias and CD–ROM packages. At her request, the checks were made out to F.F. Enterprises and were deposited into the F.F. Enterprises bank account. F.F. Enterprises then issued checks to either James Hearn or Hearnco International, a company

owned by James Hearn. The schools received only 58 sets of encyclopedias and no CD–ROM packages.

In 1999, the defendants pled guilty to the charges. The circuit judge sentenced each to ten years in prison but probated the sentences. One of the conditions of probation was that the Hearns pay restitution to the Jefferson County Public Education Foundation.

Subsequent to the guilty pleas, the trial judge recognized that counsel had agreed that $322,485 was owed in restitution, with an additional $10,000 eventually added for the accounting fees incurred by the foundation. The Commonwealth requested that the defendants be ordered to pay interest in addition to the principal amount owed, but the trial judge denied the request stating that there was no criminal statute providing for interest on restitution. The trial judge observed "... if this Court found existing Kentucky law to justify it, it would order the Hearns to pay interest in a heartbeat." The prosecution appealed from the order denying the motion to pay interest on restitution and the Court of Appeals reversed the relevant portions of the order and remanded for additional proceedings. This Court accepted discretionary review.

The Hearns argue that there is no statutory authority or case precedent that permits the addition of interest on orders of restitution in criminal cases. They contend that case law from other jurisdictions supports their position and that the ruling of the Court of Appeals has far reaching, negative implications. The prosecution responds that the statutes are to be liberally interpreted so as to give full effect to the intent of the legislature and that the ability of the circuit court to order interest on restitution serves both judicial economy and traditional notions of fair play and

justice. Our responsibility is to interpret KRS 533.030(3).

## I. Construction of Statutes

KRS 533.030 provides for restitution when a defendant is given probation or conditional discharge. KRS 533.030(3) provides in pertinent part:

> When imposing a sentence of probation or conditional discharge in a case where a victim of a crime has suffered monetary damage as a result of the crime due to his property having been converted, stolen or unlawfully obtained, or its value substantially decreased as a result of the crime ... the court *shall* order the defendant to make restitution ... Restitution *shall* be ordered in the full amount of the damages.... (Emphasis added.)

■ The statute is silent with respect to interest. Consequently, the construction and application of the statute are matters of law which are reviewed de novo. *See Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth of Kentucky, Transportation Cabinet,* Ky., 983 S.W.2d 488 (1998).

■ KRS 446.080 provides that all statutes shall be liberally construed with a view to promote their objects and carry out the intent of the legislature. It is the duty of the Court to give effect to the intent of the legislature as contained in the statutory language, considering the evil the law was intended to remedy. *See Commonwealth v. Allen,* Ky., 980 S.W.2d 278 (1998).

The rule of lenity is qualified by the same statute. *Commonwealth v. White,* Ky., 3 S.W.3d 353 (1999). *Cf. Perrin v. United States,* 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979), which provides that the rule of lenity applies when courts are uncertain about the statute's meaning and is not to be used in complete disregard of the purpose of the legislature.

We recognize, as did the Court of Appeals, that at common law, criminal fines and penalties were not subject to prejudgment interest. *Rodgers v. United States,* 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). At common law, interest was not allowed on judgments either. *Powell v. Bd. of Ed. of Harrodsburg,* Ky.App., 829 S.W.2d 940 (1991). The issue of prejudgment interest was not the subject of this appeal so we are limiting our opinion to the matter of post-judgment interest only.

■ Here, KRS 533.030(3), clearly states that restitution shall be ordered in the full amount of damages. If restitution is to be considered *full,* it will need to include post-judgment interest in most cases. In this case, the amount of the restitution judgment and the period allowed for its payment means that the Jefferson County Public Education Foundation will suffer a substantial decrease in the value of its property and loss of the use of the funds unless interest is permitted.

The argument that there is no express statutory authority for the imposition of interest is without merit here. The courts of other states may ordain specific statutory language is necessary to require interest, *see State v. Akers,* 435 N.W.2d 332 (Iowa 1989), but that is not the case in Kentucky. Many federal and state courts have ordered interest on restitution without specific statutory language. As an example, we look to 18 U.S.C. § 3664(f)(1)(a), which is similar to our statute in that it requires restitution of the "full" amount of the damages. *United States v. Patty,* 992 F.2d 1045 (10th Cir. 1993), and *United States v. Smith,* 944 F.2d 618 (9th Cir.1991), upheld the payment of prejudgment interest on restitution ordered by a trial court. *See also*

*Government of the Virgin Islands v. Davis,* 43 F.3d 41 (3d Cir.1994) and *United States v. Rochester,* 898 F.2d 971 (5th Cir. 1990), which upheld both prejudgment and post-judgment interest on restitution orders.

A number of state courts have also decided that interest can be properly included in restitution even though the restitution statutes make no specific mention of interest. *People v. Law,* 459 Mich. 419, 591 N.W.2d 20 (1999), upheld the grant of interest on criminal restitution. *Dorris v. State,* 656 P.2d 578 (Alaska Ct.App.1982), held that interest on restitution was proper "since the purpose of the restitution statute is to make the victim whole." For other cases allowing interest as part of restitution see *Ex parte Fletcher,* 2001 WL 306916, —— So.2d ——; *Valenzuela v. People,* 893 P.2d 97 (Colo.1995); *People v. Acosta,* 860 P.2d 1376 (Colo.Ct.App.1993); *Ebaugh v. State,* 623 So.2d 844 (Fla.Dist. Ct.App.1993); *Woods v. State,* 418 So.2d 401 (Fla.Dist.Ct.App.1982); *State v. Brewer,* 296 Mont. 453, 989 P.2d 407 (1999); *State v. Meyers,* 571 N.W.2d 847 (S.D. 1997); *Rodriguez v. State,* 710 S.W.2d 167 (Tex.App.1986).

*Commonwealth v. Bailey,* Ky., 721 S.W.2d 706 (1986), sets out the purpose of restitution as follows:

> We also do not feel this is additional punishment exacted by the criminal justice system. It is neither imprisonment as envisioned by KRS Chapter 532, nor fine as set out in KRS Chapter 534. It is merely a system designed to restore property or the value thereof to the victim. It is not punishment to make the criminal give back something which was never his and which was obtained by him only by commission of a crime.

Money is property which is capable of being converted. *See Commonwealth v. Karnes,* Ky., 849 S.W.2d 539 (1993). In order to give the statute full legislative intent, this Court interprets the language of the statute to include interest as "monetary damage" which, because it resulted from the theft and conversion of the property of the victim, must be included in the full amount of damages provided by the restitution statute.

We cannot accept the argument by the Hearns to the effect that the legislature must have intended to exclude interest from other forms of restitution simply because it expressly imposed interest on restitution in the medicaid fraud statute, KRS 205.8467(1)(a). In the case of medicaid fraud, the damages can only be pecuniary. The forms of restitution contemplated by KRS 533.030 are not limited to money damages. Under KRS 533.030(3), a probated defendant can be made to work at a minimum wage and pursuant to subsection C, such a defendant can be made to return any undamaged property. The specific language of the medicaid fraud statute arises because only one type of restitution in that situation is available and it is money. The language of KRS 533.030 is more general in order to cover a variety of restitution situations, including monetary damages such as the cost of the loss of the use of money over a period of time. The conversion here resulted in the loss of the use of money for an indefinite period.

The claim by the Hearns that no other Kentucky statutes refer to interest on restitution is misplaced because the statutes on which they rely are procedural in nature and do not relate to the duty of the trial court to determine the amount of restitution to be paid. KRS 532.160, the garnishment statute; KRS 532.162, which allows a lien on earnings; and KRS 532.164, which permits a lien on real property, merely provide mechanisms for enforcing collection and do not involve any

determination of the amount or type of restitution.

We find the other citations employed by the Hearns, namely, *Powell v. Bd. of Ed. of Harrodsburg*, Ky.App. 829 S.W.2d 940 (1991); *Clayborn v. Commonwealth*, Ky. App., 701 S.W.2d 413 (1985); and *Commonwealth, Dept. of Transp., Bur. of Highways v. Lamb*, Ky., 549 S.W.2d 504 (1976), distinguishable and not applicable to this situation.

The contention that the legislative intent underlying KRS 533.030 is only to promote rehabilitation and deterrence is unconvincing. The statute clearly authorizes restitution for the full amount of the damages. Such restitution is intended to fully compensate for the loss incurred, serves to emphasize the seriousness of the crime and to deter similar offenses in the future by not only these defendants, but other potential criminals. The imposition of interest in the restitution award serves the legislative purpose of deterrence and rehabilitation as well as making the victim whole. Including interest on the amount taken in a financial crime clearly emphasizes the seriousness of the crime and highlights the full criminal responsibility.

## II.  Judicial Economy/Fair Play

The argument by the Hearns that the imposition of interest on restitution awards has a negative implication is without merit. In fact, the authority of the trial court to order interest on restitution actually serves judicial economy and the traditional notions of fair play and substantial justice. The inclusion of interest in restitution orders would neither expand the current rights of victims to seek interest on restitution in a civil action nor compromise such a right. The victims already have the right to seek interest if they choose in a civil case. That right is not affected in any way by the decision of this Court. However, by allowing interest on restitution, the interests of judicial economy and substantial justice for victims would be enhanced because they would not have to spend additional time and funds seeking an appropriate civil remedy.

■ The trial court has the statutory authority to establish restitution and is in the best position to make the appropriate and well-informed decision in a fair and impartial manner. *Commonwealth v. Bailey, supra,* held that a restitution payment schedule could be determined at the time a defendant was released from custody. There is no undue or inherently difficult burden on the trial court to require such full restitution.

The exact amount of principal upon which interest must be assessed and included in a restitution payment schedule should be determined from the facts and circumstances of a particular case. Interest must be assessed at the maximum legal rate pursuant to KRS 360.010.

We find that the probation of which the Hearns are subject is governed by KRS Chapter 533 and not by KRS 532.350 or KRS 532.356, both of which were enacted in 1998, and to some extent, amend the restitution system provided under KRS Chapter 532. Here, the crimes were all Class D felonies and because the sentences were probated, KRS 533.030 requires restitution as a condition of such probation.

It is the decision of this Court that KRS 533.030(3), requires that the Hearns, as a condition of their probation, pay full restitution to the Jefferson County Public Education Foundation. The statute clearly states that the Court shall order the defendant to make restitution and that such restitution shall be in the full amount of the damages. Thus, the circuit court shall add post-judgment interest to the principal amount of the restitution imposed.

The decision of the Court of Appeals is affirmed, and this matter is remanded to the circuit court.

LAMBERT, C.J., COOPER, GRAVES and KELLER, JJ., concur.

JOHNSTONE, J., dissents by separate opinion and is joined by STUMBO, J.

JOHNSTONE, Justice, dissenting.

**Hard cases make bad law.** The majority would do well to heed these words of the preeminent United States Supreme Court Justice Oliver Wendell Holmes, Jr. This maxim is grounded firmly on the notion that result-oriented decision making driven by particularly difficult facts can lead to unwise and unintended consequences.

The Hearns pled guilty to theft charges related to the conversion of hundreds of thousands of dollars that were intended for the school children of Jefferson County. In months of unparalleled media coverage, the public was repeatedly saturated with the details of the Hearns' devious criminal scheme. The citizens of Jefferson County were repulsed by the Hearns' breach of faith, and rightfully so.

Yet, the trial judge was confronted with the straightforward issue of whether the trial courts of Kentucky are empowered to order interest to be paid on restitution that is ordered in a criminal case. The trial court thoroughly weighed the issue and answered the question in the negative. Today, the majority opinion ignores common law and long-standing rules of statutory construction to answer that question in the affirmative. The majority and the courts below all agree that the relevant statute, KRS 533.030(3), is silent with respect to interest. Thus, resolution of this issue is reduced to the application of basic principles of statutory construction.

The proper construction of the statute begins with the foundation laid by the majority opinion. First, under the rule of lenity, courts are *bound* to construe criminal statutes narrowly and give the accused the benefit of any ambiguities in the statute. Next, under the common law, interest is not allowed on judgments and, further, criminal fines and penalties are not subject to prejudgment interest. Add the Court of Appeals' observations that legislative deviations from the common law require a clear statutory mandate and that such statutes are construed narrowly, and the foundation becomes rock solid—the conclusion inevitable. In fact, the Court of Appeals stated it correctly: "Under these rules of construction ... interest on the Hearns' restitution obligation would be improper unless the General Assembly had expressly provided for it."[1] But somehow despite their fine beginnings, both the majority and the Court of Appeals only manage to build a house of cards.

Through the looking glass, both the majority and the Court of Appeals leave their solid bases to embark upon a tortuous journey of discovery contrived to arrive at a legislative intent that mirrors their desired result. The Court of Appeals finds that our "revised statute is a manifestation, among many others throughout the country, of the 'victim's rights movement,' which has gained impetus during the past two or three decades. This shift in purpose evinces a legislative intent...."[2] The majority opinion divines its legislative intent in the language of KRS 533.030(3), which states that restitution shall be or-

1. *Commonwealth v. Hearn*, No. 1999–CA–002638–MR, slip op. at 5, 2000 WL 1252552 (September 1, 2000).

2. *Commonwealth v. Hearn*, No. 1999–CA–002638, slip op. at 7, 2000 WL 1252552 (September 1, 2000).

dered in the full amount of the damages. Thus, it proclaims, "[i]f restitution is to be considered *full,* it will need to include post-judgment interest in most cases." [3]

Yet, it is clear that the legislature knows how to expressly provide for interest in connection with a restitution order. It did just that in KRS 205.8467(1)(a) when the General Assembly explicitly provided that medical service providers who are found guilty of Medicaid fraud must pay interest in addition to the base amount of restitution. Glaringly absent from KRS 533.030(3), or any of the other statutes cited by the majority, is the provision for interest to be added to an order of restitution.

In deciding whether interest was authorized in addition to restitution in the absence of statutory language with respect to interest, the Iowa Supreme Court stated eloquently in *State of Iowa v. Akers:* [4]

> Our ultimate goal in interpreting these sections is to determine legislative intent, considering language used in the statute, the objects sought to be accomplished, and the evils sought to be remedied.... We think, for a number of reasons, that the legislative intent here was not to permit the imposition of interest on restitution amounts.

> First, as Akers points out, we have said that "legislative intent is expressed by omission as well as by inclusion. The express mention of certain conditions of entitlement implies the exclusion of others." *Barnes v. Iowa Dep't of Transp.,* 385 N.W.2d 260, 263 (Iowa 1986). We agree with Akers that the inclusion of pecuniary damages, attorney's fees, and other costs in the statutory definition of "restitution" indicates a legislative intent to exclude interest.

Interest is simply not one of the components of "restitution" under the statutory definition: it is not pecuniary damages, court costs, attorney's fees, the expense of a public defender, or public service. See Iowa Code § 910.1(4). As such, the sentencing court here should not have imposed it. The courts of other states have taken a similar view. *See People v. Engel,* 746 P.2d 60, 62–63 (Colo.App.1987) (imposition of interest on restitution amount was not proper because interest was not "pecuniary damages" under the restitution statute); *State v. Dickenson,* 68 Or.App. 283, 285–87, 680 P.2d 1028, 1028–29 (1984) (order to pay interest on restitution not proper because interest was not "special damages" under restitution statute).

The same is true of our statutory definition of restitution in this Commonwealth. The legislature enacted the following definition in KRS 532.350:

> (1)(a) "Restitution" means any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act.

Here again, the General Assembly could have, but did not, authorize interest in connection with restitution orders.

Moreover, the Court of Appeals' and majority opinions need look no further than subsection (1) of KRS 533.030 to glean the legislative intent. It provides in pertinent part:

> The conditions of probation and conditional discharge shall be such as the court, in its discretion, deems reasonably necessary *to insure that the defendant*

---

**3.** Majority Opinion at 434.

**4.** 435 N.W.2d 332, 334 (Iowa 1989).

*will lead a law-abiding life* or assist him to do so . . . .

(Emphasis added).

Clearly, the intent of the legislature was to promote rehabilitation, provide deterrence, and monitor the defendant. Yet, the majority stirs its tea leaves to reveal an intent by the General Assembly to make a victim whole, or provide full restitution. That interpretation ignores the clear and unambiguous language of the statute.

KRS 533.030 has been in effect in this Commonwealth for two decades. The Commonwealth has cited no case which has interpreted this statute to be a vehicle for assessing costs—not one. The Commonwealth never attempted before or after the Hearn case to have interest assessed along with restitution ordered in a criminal case—not once. The implication is obvious: the Commonwealth has never before seen this statute as providing authority for adding interest to an order of restitution.

And, the implications of assessing interest along with court-ordered restitution are troubling. The majority opinion makes it clear that such a power is purely discretionary with the trial judge. Among the unanswered questions are:

- When should the trial judge use this discretionary power?
- What is the appropriate rate of interest to apply?
- Will victims in cases already decided involving restitution be able to move for retroactive application for interest?
- Will some standard need to be provided in the future if interest awards become divergent among the trial judges and jurisdictions in the Commonwealth?

- Will the majority opinion's post-judgment interest awards be extended to prejudgment scenarios?

After agonizing long and hard over this issue, Circuit Judge Mershon stated in his thirteen page order that "if this Court found existing Kentucky law to justify it, it would order the Hearns to pay interest in a heartbeat. But the Legislature has not enacted any such statute nor has the Court been cited to any Kentucky appellate decision permitting the imposition of interest on restitution." [5]

Apparently, Judge Mershon once heard that **hard cases make bad law.**

STUMBO, J., joins.

---

5. Order, Jefferson Circuit Court No. 98CR2403, pp. 11–12 (October 13, 1999).