# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 28, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000489-MR

LLOYD BANDY                                                    APPELLANT

ON APPEAL FROM BUTLER CIRCUIT COURT
V.            HONORABLE RONNIE C. DORTCH, JUDGE
NO. 15-CR-00123

COMMONWEALTH OF KENTUCKY                                       APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

A circuit court jury convicted Lloyd Bandy of three counts of first-degree sodomy, five counts of first-degree sexual abuse, and one count of attempted first-degree rape. Bandy now appeals the resulting judgment as a matter of right.[1] He argues on that the trial court erred by failing (1) to grant his motions for a directed verdict and (2) to read all the jury instructions to the jury. Finding no merit to either issue, we affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lloyd Bandy was an inmate at the Kentucky State Penitentiary, serving a ten-year sentence for four counts of Portraying a Minor in a Sexual Performance and Voyeurism. Bandy wrote several letters from prison

---

[1] Ky. Const. § 110(2)(b).

confessing his guilt to the crimes charged in the present case—first-degree sodomy, first-degree sexual abuse, and first-degree rape. Bandy claims he wrote these letters only under pressure from another inmate and the alleged victim. The letters found their way into the hands of the Kentucky State Police, who began investigating.

During the investigation, Bandy again confessed to the crimes. Because of the police investigation, a grand jury indicted Bandy on multiple counts of first-degree sodomy, first-degree sexual abuse, and first-degree rape.

In addition to presenting the confession letters themselves, the Commonwealth presented testimony at trial from the victim corroborating Bandy's confession and from the officer responsible for the investigation.

Regarding the first issue on appeal, Bandy alleges that the trial court should have granted his motions for a directed verdict at the close of the Commonwealth's case. Bandy made two motions for directed verdict at that time. His first motion for directed verdict included the following grounds:

> It's my position that if they [the Commonwealth] can't narrow a time down more than two years that's not sufficient to go to the jury on. The original indictment stated [the crime] happened between '94 and 2000. The Commonwealth has moved to amend...to say [the crime] happened between '96 and '98. My position is that if you can't narrow it down more than that it's insufficient to go to a jury.

The Commonwealth does not dispute the preservation of this issue as to Bandy's first motion. Bandy's second motion for directed verdict included the following grounds:

> ...Criminal Rule 9.6 allows that if there is no evidence but a confession that's not sufficient to go forward. My motion for a

2

directed verdict is along those lines because absent his confession the victim in this case would have never been interviewed and there never would have been any other evidence.

The trial court denied both motions for directed verdict. The parties dispute the preservation of the issue as to Bandy's second motion.

Bandy testified in his own defense and countered the Commonwealth's evidence by stating that he only confessed because he was coerced by another inmate and by the victim herself. Bandy also elicited testimony from the victim regarding a potential relationship between the victim's mother and the inmate who allegedly coerced Bandy to confess.

Defense counsel renewed the motions for directed verdict at the close of all evidence, and the trial court denied both motions.

Regarding the second issue, Bandy alleges that the trial court erred when it failed to read all the jury instructions to the jury. Both parties agree that the trial court did not read every jury instruction verbatim and that this issue is unpreserved.

The jury found Bandy guilty of three counts of first-degree sodomy, five counts of first-degree sexual abuse, and one count of attempted first-degree rape. The jury recommended a life sentence on the sodomy counts, ten years on the sexual-abuse counts, and twenty years on the attempted rape, which the trial court followed, sentencing accordingly. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

The standard of review for each issue depends on the preservation of them. The Commonwealth does not dispute the preservation of Bandy's first motion for a directed verdict. "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal."[2]

The parties dispute the preservation of Bandy's second motion for a directed verdict. If the issue is preserved, this Court will apply the *Benham* standard. If the issue is unpreserved, this Court will only reverse the trial court's ruling if affirming would result in palpable error.[3] Palpable error requires a showing that the alleged error affected the "substantial rights" of a defendant, where relief may be granted "upon a determination that manifest injustice has resulted from the error."[4] To find that "manifest injustice has resulted from the error," this Court must conclude that the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable."[5]

---

[2] *Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill,* 660 S.W.2d 3, 5 (Ky. 1983) (quoting *Trowel v. Commonwealth,* 550 S.W.2d 530, 533 (Ky. 1977)).
[3] Kentucky Rule of Criminal Procedure (RCr) 10.26.
[4] *Id.*
[5] *Martin v. Commonwealth,* 207 S.W.3d 1, 4 (Ky. 2006).

4

The Commonwealth argues that Bandy's second motion is not specific enough to preserve this issue. We think Bandy's motion is specific enough to have alerted the trial court to the issue raised and thus specific enough to have preserved the issue for appellate review. Regardless of which standard is applied, however, the conclusion is the same, as we will show.

Both parties agree that Bandy did not preserve the jury instruction issue. Thus, the standard of review for this issue is palpable error.

### B. Bandy's Motions for Directed Verdict.

#### 1. Motion Alleging Unspecified Time Period.

On the charges of first-degree sodomy, first-degree sexual abuse, and attempted first-degree rape, a consistent element in these offenses is that the victim be less than 12-years-old.[6] "In a felony case, the failure to prove the specific date of the offense is of no consequence unless time is a material ingredient of the offense."[7] "[A] child victim's inability to give specific times and dates in a child sex abuse case does not render the evidence insufficient to support a conviction as long as the date of the offense is not a necessary element."[8] According to these rules, the prosecution must prove beyond a reasonable doubt that the victim was less than twelve-years-old at the time of the alleged crimes but does not have to prove a specific date of the events.

---

[6] KRS 510.070(1)(b); KRS 510.040(1)(b); KRS 510.110(b)(2).
[7] *Stringer v. Commonwealth*, 956 S.W.2d 883, 886 (Ky. 1997) (citing *Peyton v. Commonwealth*, 157 S.W.2d 106 (Ky. 1941)).
[8] *Dunn v. Commonwealth*, 360 S.W.3d 751, 761 (Ky. 2012) (citing *Stringer*, 956 S.W.2d at 885-86).

Bandy essentially asks this Court to require more certainty in the time-frame evidence presented by the Commonwealth as to when the crimes occurred. No case in Kentucky has held to require exact specificity in pinpointing the dates of the alleged crime; in fact, Kentucky cases state the opposite.[9] "In each of those cases, the victims described a distinct factual basis for each separate charge so that the jury could determine in each instance whether a separate criminal offense had been committed."[10] "Discrepancies in the victim's testimony are matters of credibility going to the weight to be given by the jury to the child's testimony."[11]

Taking these rules together, it is the jury's prerogative to decide whether a more certain time period is required for a conviction. Our job is to decide "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal."[12]

The Commonwealth's evidence included the victim's testimony as to Bandy's alleged crimes, confession letters written by Bandy, and testimony by

---

[9] *Farler v. Commonwealth*, 880 S.W.882, 886 (Ky. App. 1994) ("it was not necessary that [juvenile victim] give specific dates that the offenses occurred"); *Garrett v. Commonwealth*, 48 S.W.3d 6, 9 (Ky. 2001) ("It would be wholly unreasonable to expect a child of such tender years to remember specific dates, especially given the long time period over which the abuse occurred."); *Miller v. Commonwealth*, 77 S.W.3d 566, 576 (Ky. 2002) ("[P]roof of the precise dates on which the offenses were committed is not required of a child sexual abuse victim where the evidence is 'ample to separately identify the various offenses charged.'") (quoting *Hampton v. Commonwealth*, 666 S.W.2d 737 (Ky. 1984).

[10] *Miller*, 77 S.W.3d at 576.

[11] *Garrett*, 48 S.W.3d at 10.

[12] *Benham*, 816 S.W.2d at 187 (citing *Sawhill*, 660 S.W.2d at 5) (quoting *Trowel*, 550 S.W.2d at 533).

6

an officer who interviewed Bandy during which Bandy confessed to the crimes again, all confirming a time period when the victim was under the age of twelve. Bandy's evidence included Bandy's testimony denying the alleged crimes, with explanations. Considering this evidence, having heard both sides, it would not be unreasonable for a jury to find that the victim was under the age of twelve during the commission of the alleged crimes, and thus we affirm the trial court's decision to deny Bandy's first motion for a directed verdict.

### 2. Motion Alleging Insufficient Evidence.

A question exists as to the correct applicable standard of review for this motion. But under either standard, Bandy's appeal fails. The alleged preservation issue notwithstanding, Bandy argues that the trial court should have generally granted Bandy's motion for a directed verdict, in addition to specifically granting Bandy's motion for a directed verdict regarding jury instructions six, ten, and eleven. Bandy's entire argument on this issue rests on the Commonwealth's alleged violation of RCr 9.60.

As RCr 9.60 states, "A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied by other proof that such an offense was committed."[13] "Criminal Rule 9.60 precludes the conviction of a defendant solely on the basis of his own uncorroborated out-of-court statements. But the requirement of corroboration relates only to proof that a crime was committed, not to whether the defendant committed it."[14]

---

[13] RCr 9.60.
[14] *Lofthouse v. Commonwealth*, 13 S.W.3d 236, 242 (Ky. 2000) (citing *Commonwealth v. Karnes*, 849 S.W.2d 539 (Ky. 1993)).

7

"Once the *corpus delicti*[15] has been established, the fact that the defendant committed the crime can be proven entirely by his own confession."[16] "...[T]he corroborative evidence need not be such that, independent of the confession, would prove the *corpus delicti* beyond a reasonable doubt; and proof of the *corpus delicti* may be established by considering the confession as well as the corroborating evidence."[17] "[E]ven if the circumstantial evidence in a case standing alone would not suffice to prove guilt beyond a reasonable doubt, it can suffice to corroborate an out-of-court confession."[18]

In this case, the Commonwealth did establish the *corpus delicti* through the victim's testimony and through the official investigation. Coupled with this corroborating evidence, Bandy's confessions confirmed that he, in fact, committed the crime. So because the Commonwealth did meet RCr 9.60 and *Lofthouse*'s standards, no trial court error can be found.

Specifically, regarding jury instructions six, ten, and eleven, Bandy additionally argues that the victim's testimony was not specific enough for a reasonable juror to conclude Bandy was guilty of the crimes specified in these instructions, which include first-degree sexual abuse of a victim under the age of twelve and first-degree rape of a victim under the age of twelve. This argument is without merit because the victim testified in detail to countless

---

[15] "The fact of a crime having been actually committed." *Corpus Delicti*, Black's Law Dictionary (6th ed. 1994).
[16] *Id.* (citing *Dolan v. Commonwealth*, 468 S.W.2d 277 (Ky. 1971)).
[17] *Id.* (citing *Blades v. Commonwealth*, 957 S.W.2d 246, 250 (Ky. 1997)).
[18] *W.D.B. v. Commonwealth*, 246 S.W.3d 448, 455 (Ky. 2007) (citing *Blades*, 957 S.W.2d at 250).

8

instances of abuse, supported by the official investigation. This evidence corroborates Bandy's confessions. Again, because the Commonwealth did meet RCr 9.60 and *Lofthouse*'s standards, no trial court error can be found.

We affirm the trial court's denial of Bandy's second motion for directed verdict.

### C. Failure to Fully Read Jury Instructions

Kentucky Rule of Criminal Procedure 9.54(1) states:

It shall be the duty of the court to instruct the jury in writing on the law of the case, which instructions shall be read to the jury prior to the closing summations of counsel. These requirements may not be waived except by agreement of both the defense and the prosecution.[19]

Kentucky Rule of Criminal Procedure 9.54(2) states:

No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection.[20]

"Failure to comply with subsection (2) of RCr 9.54 has been consistently held to prohibit review of alleged error in instructions because of the failure to properly preserve the claimed error."[21]

Simply stated, Bandy did not comply with RCr 9.54(2). Bandy never made an objection to the content of the instructions, nor did he object to the trial court's method of reading the instructions to the jury. Stated differently,

---

[19] RCr 9.54(1).
[20] RCr 9.54(2).
[21] *Gibbs v. Commonwealth*, 208 S.W.3d 848, 853 (Ky. 2006), *overruled on other grounds* by *Padgett v. Commonwealth*, 312 S.W.3d 336 (Ky. 2010).

9

Bandy never fairly and adequately presented this alleged failure to the trial court by an offered instruction or by motion, nor did he make an objection before the court instructed the jury. RCr 9.54(2) statutorily mandates the denial of review of an issue that does not comply with its terms. So, we affirm the trial court on this issue.

### III. CONCLUSION.

Holding that no error occurred both in the denial of Bandy's motions for directed verdict and in the jury instruction reading, we affirm the judgment.

Minton, C.J.; Cunningham, Hughes, Keller, VanMeter, Venters and Wright, JJ., sitting. Minton, C.J.: Cunningham, Keller, VanMeter, Venters and Wright, JJ., concur. Hughes, J., concurs in result only.

COUNSEL FOR APPELLANT:

John Gerhart Landon
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General

10